In the Matter of the Claim of JAMES S. HAMILTON, Respondent, v. S. A. HEALY COMPANY et al., Appellants. WORKMEN's COMPENSATION BOARD, Respondent.

Third Department, November 16, 1961.

*William P. Hastorf* for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Daniel Polansky* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, Respondent.

*William Doblin* for claimant-respondent.

GIBSON, J. Appeal is taken by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for disability due to caisson disease. The board found that claimant became disabled on March 18, 1959 as a result of his employment in New York by appellant S. A. Healy Company. Thereafter, he was again exposed to compressed air during a two months' period of employment in Chicago by Healy Brothers, an out-of-State employer.

Appellants state the question as follows: '' The sole issue involved in this appeal is whether this claimant's employment with [the New York employer] can properly be interpreted under Section 44 of the Workmen's Compensation Law as the last employment ' to the nature of which the disease was due and in which it was contracted.' '' It seems too clear to require discussion that the term '' employer '', as used in section 44, does not include an out-of-State employer not liable for payment of compensation under the Workmen's Compensation Law of New York, but refers only to an employer subject to that act (cf. Workmen's Compensation Law, § 2, subds. 3–5; § 39); in other words, as in this case of occupational disease, one from whom compensation is '' recoverable '' (§ 44) pursuant to a decision of the Workmen's Compensation Board. (See L. 1961, ch. 426, §§ 1, 2, excluding apportionment in respect of claims arising out of compressed air illness filed after July 1, 1961.) Indeed, the basic liability arises under section 38, while section 44 creates rights and liabilities as between employers. (See *Matter of Bahry* v. *Nu-Glamore Salon,* 4 A D 2d 351, 353, 354, motion for leave to appeal denied 3 N Y 2d 707.) Although not predicative of our decision, *Matter of Commissioner of Taxa-*

*tion & Finance* v. *Nu-Art Adv. Co.* (271 N. Y. 112), also involving an intervening employment, presented a situation somewhat analogous to this.

Although, as above indicated, appellants limit the issue to the application of section 44, and conceded before the Referee that caisson disease was " definitely found " on March 18, 1959 (and hence had then been " contracted " within the meaning of sections 39 and 44), they now contend that the date of disablement was erroneously established as prior to the Chicago employment. This contention was not advanced as one of the issues upon the application for review by the board (Workmen's Compensation Law, § 29; *Matter of La Barge* v. *Mercy Gen. Hosp.*, 12 A D 2d 689, 690, motion for leave to appeal denied 9 N Y 2d 610; *Matter of Braune* v. *Haas,* 13 A D 2d 875, 876) and seems to be urged here (whether or not properly) to counter respondents' argument that the fact of the Chicago employment is not material since the " disablement " (§ 38) preceded it, as did claimant's letter to the board of April 22, 1959, found to have constituted a claim; but the basis which we have stated for our conclusion that the appellant employer was the last employer within the meaning of the statute renders appellants' argument, as well as that of the respondents, of no relevance, so far as each is predicated upon date of disablement. It may be noted, parenthetically, that if the date was erroneously established, the error did not affect the monetary award which ran from September 10, 1959, and, of course, in view of our conclusion, did not otherwise prejudice appellants' rights.

The decision and award should be affirmed, with costs to the Workmen's Compensation Board.

Coon, J. P., Herlihy, Reynolds and Taylor, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board.