Argued and submitted June 12,
reversed and remanded August 18, 1980

In the Matter of the Compensation of
COLWELL,
*Petitioner,*

*v.*

TROTMAN et al,
*Respondents.*

(No. 79-22, CA 17192)

615 P2d 1094

John D. Peterson, Hillsboro, argued the cause for petitioner. With him on the brief was Brink, Moore, Brink & Peterson, Hillsboro.

Ridgway K. Foley, Jr., Portland, argued the cause for respondents. With him on the brief was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

The issue in this workers' compensation case is whether claimant is entitled to compensation for an occupational disease from both of the employers for whom she worked *concurrently* over a period of several years, or whether the "last injurious exposure" rule adopted in *Mathis v. SAIF,* 10 Or App 139, 499 P2d 1331 (1972), limits claimant to compensation from the employer for whom her last services were performed.

Claimant is a dental hygienist. For approximately eight years, she was employed by one dentist to perform services on Tuesday of each week, and was employed by a second dentist to perform services on Wednesdays, Thursdays and Fridays. During the period of her concurrent employment, she developed epicondylitis of the right elbow. As a result of the condition, claimant was obliged to quit working at the end of her work day on Friday, July 7, 1978. She filed occupational disease claims against both employers. The claim against the Wednesday through Friday employer was accepted and was closed by a determination order that claimant was entitled to compensation for temporary total disability.

■     Claimant's Tuesday employer and his insurer, Aetna Casualty Co., denied her claim. The denial was affirmed by the referee. He noted in his opinion and order that "[t]he medical documentation in this case shows that both claimant's employments contributed to her epicondylitis." However, the referee concluded that the last injurious exposure rule was applicable, and that, because claimant's last work day was for the Wednesday through Friday employer, the denial of coverage by the Tuesday employer and Aetna should be affirmed. The Workers' Compensation Board affirmed the order of the referee, and claimant appeals. Her basic contention is that the last injurious exposure rule was designed to apply only in situations where an employee contracts an occupational disease which could have been produced by more than one *successive*

employment, and that the rule is not appropriate in situations like the present one where an occupational disease is attributable to more than one *concurrent* employment. We agree with claimant, and we therefore reverse the Board's order and remand the matter to the Board to award appropriate compensation.

■ The last injurious exposure rule, which we adopted in *Mathis v. SAIF, supra,* places full liability for a disability resulting from an occupational disease on the last of *successive* employers in whose service an employee was exposed to conditions contributing to the disease. We explained our holding and our rejection of the "material contributing cause" test urged upon us by the employer by stating:

"As Larson comments in the section quoted above, occupational disease, unlike accidental injury disability, typically shows a long history of injurious exposure without actual disability. Because the date of actual contraction of an occupational disease, such as asbestosis, is not susceptible to positive demonstration, most, if not all, states specify the date of disability rather than the date the disease was actually contracted for fixing the relative rights and liabilities of the workman and employer. *See generally,* [3 Larson, Workmen's Compensation Law] § 95.21. Oregon law is in accord. ORS 656.807(1). The merit of this approach lies in its definiteness.

This definiteness is a virtue which the rule defendant urges does not have. To illustrate: a workman employed in the asbestos trade with three different employers for three years each, and disabled at the end of the third year with the last employer, would have to make a determination before he filed his claim against the last employer of whether the last employment constituted a 'material contributing cause' of his disability. If his determination proved incorrect upon hearing and review by the medical board, his right to proceed against the next to last employer might be barred because of the requirement that claims be filed 'within three years of the last exposure in employment subject to the workmen's compensation law * * *.' ORS 656.807(1). Such

prejudice would not likely arise under the accidental-injury section of the Workmen's Compensation Act because there the pre-existing condition is usually not compensable independent of the subsequent, precipitating injury.

The realities of occupational diseases also cut against adoption of the 'material contributing cause' standard. As noted above, because the date of actual contraction of an occupational disease is difficult to demonstrate, the possibility arises that the exposure to injurious substances by a later employment may have little causal effect on the workman's disability. This is particularly true with lung diseases such as asbestosis. Asbestosis has been recognized by some medical authorities as a progressively disabling disease, which once contracted would not be aggravated by subsequent exposure to asbestos dust. *See, Northwestern A. & C. Co. v. Industrial Comm.,* 21 Wis2d 554, 124 NW2d 628, 629-30 (1963). Accepting this proposition, adoption of the rule defendant urges would bar recovery for a workman who had worked for one employer a sufficient amount of time to contract asbestosis and then changed to another employer, in whose employ he subsequently became disabled after working more than the statutory period of limitation—three years. The later employment could not be considered a 'material contributing cause' of the disease since the disease had been contracted previously; the previous employer could not be held liable because of the statutory period for filing claims." 10 Or App at 147-49.

More recently, we stated in *Holden v. Willamette Industries,* 28 Or App 613, 560 P2d 298 (1977):

"* * * [W]here an occupational disease is caused by a succession of jobs, each of which provides exposure of a nature which causes the disease, then the last employer with risk exposure is liable for compensation, even though the last employment may have been of short duration. The purpose in adopting the rule is to free the claimant from the burden of assigning or allocating responsibility where it is difficult or impossible to determine which similar employment

[859]

actually generated the disease that later caused disability.

"* * * * *

"* * * Rather than require proof of the unprovable and litigation of the unlitigable, *Mathis* places responsibilty for the entire compensation upon the last employer whose conditions of employment are of a nature which are likely to cause the disease." 28 Or App at 618-19. (Footnote omitted.)

■■    In sum, the last injurious exposure rule was judicially created in this state; it represents a policy decision to place responsibility for compensation upon an identifiable employer rather than placing disabled workers in the untenable position of proving which of two or more equally likely possibilities is true and/or of being barred by limitation periods from recovering compensation because an occupational disease *may* have been contracted in the service of a prior employer. The rule makes complete sense in the context of successive employments which contribute to an occupational disease; it makes little sense in the present context, where the worker was exposed to conditions which contributed to her occupational disease in two separate but simultaneous employments.

To establish her right to compensation from either or both of her concurrent employers, claimant would have to prove exactly the same fact, i.e., "exposure of a nature which causes the disease," which she would be required to prove to establish a right to compensation from the last employer if she had been successively rather than concurrently employed. Moreover, in a concurrent employment situation, at least when, as here, the simultaneous employments end at essentially the same time, the worker is extremely unlikely to encounter limitation problems of the kind which would be likely to arise in successive employment situations. In our view, the rationale for

[860]

the last injurious exposure rule does not exist in this case, and we decline to apply the rule to these facts.[1]

Aetna makes two arguments in addition to its basic argument that the last injurious exposure rule should be extended to this and similar cases. The first is, in substance, that the claimant cannot obtain compensation from both employers without requiring an apportionment of benefits and that this court has previously construed the Workers' Compensation Act as precluding apportionment. *Davidson Baking v. Ind. Indemnity,* 20 Or App 508, 515, 532 P2d 810, *rev den* (1975); *Cutright v. Amer. Ship Dismantler,* 6 Or App 62, 64-65, 486 P2d 591 (1971). However, in *Jackson v. SAIF,* 7 Or App 109, 490 P2d 507 (1971), we held that the Board was correct in prorating temporary total disability benefits between two employers. Each employer in *Jackson* was responsible for a different injury which, independently of the other, was sufficient to cause the worker's total disability. We distinguished *Cutright* as follows:

> "This case does not involve an apportionment under the circumstances such as was sought in *Cutright v. Amer. Ship Dismantler,* 6 Or App 62, 486 P2d 591 (1971). There we held there was no basis for apportionment between two successive insurers when the claimant suffered a compensable injury which aggravated a residual disability caused by a previous compensable injury." 7 Or App at 118, n 6.

*Jackson* is more analogous to the present facts than are *Cutright* and *Davidson Baking.*

In any event, the issue of the amount of compensation either of the two employers must pay claimant was not decided by the referee or Board and is not before us. All we need decide at this time in connection with Aetna's anti-apportionment argument is that our

---

[1] We also decline to decide at this time whether and what fact situations beside the present one our holding might reach. The distinction between "successive" employments and "concurrent" ones can obviously become blurred. Here, the claimant worked her usual schedule for both employers until the end of the work week of July 7, 1978.

decisions in *Cutright* and *Davidson Baking* do not preclude the claim against the employer for whom Aetna is the insurer. *Cf.* ORS 656.307.

Aetna's remaining argument also relates more to the question of the amount of compensation the respective employers should pay than to the question of liability. That issue is not before us.

We conclude that claimant is not barred by the last injurious exposure rule from seeking compensation from Aetna—the insurer for the employer for whom she worked on Tuesdays. We find that her employment by that employer constituted an exposure which contributed to her occupational disease. The Board's order is reversed and the claim is remanded to the Board to award appropriate compensation.

Reversed and remanded.