[No. 8053-2-II.  Division Two.  November 19, 1986.]

CAROLYN E. BERRY, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, ET AL, *Respondents*.

*Don P. Taylor* and *Fristoe, Taylor & Schultz,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Thornton A. Wilson, Assistant,* for respondent State.

*Ward J. Rathbone* and *Bean, Gentry & Rathbone,* for respondent Northwest Helicopter Service.

PETRICH, J.—Carolyn Berry, widow of Mickey D. Berry, appeals a superior court order dismissing her appeal from a decision and order of the Board of Industrial Insurance Appeals. The Board had affirmed an order of the Department of Labor and Industries denying her claim for bene-

fits under the Industrial Insurance Act, RCW 51.32.050.

The issue on appeal is whether a partner engaged in partnership business, who would have qualified as a worker under the Industrial Insurance Act if he had been employed by another entity, is entitled to mandatory coverage under the act.

We hold that such a partner is not entitled to coverage and affirm.

The essential facts are undisputed. On July 14, 1979, S. Carl Hicks, Mickey Berry and Irwin Smith executed a general partnership agreement. Under the terms of the agreement, Mr. Berry's primary responsibility was to pilot the partnership's helicopter. The agreement also gave him a 25 percent share of profits and losses, and allowed him to draw $1,600 per month as compensation for his services.

On May 19, 1981, while performing precisely the partnership duties assigned him, Mr. Berry was killed when the helicopter crashed. He had never made a written request to the Department of Labor and Industries to be covered under the Industrial Insurance Act. The act states that partners must make such a request to be entitled to benefits. RCW 51.32.030.

Mrs. Berry contends that despite her husband's failure to request coverage, a liberal construction of the act, required by its terms, RCW 51.12.010, allows him to qualify for benefits because, as the partnership's pilot, he was also a "worker" under the act. "Workers" are entitled to mandatory coverage. RCW 51.12.010; RCW 51.12.020.

Mrs. Berry's reliance on the liberal construction requirement is misplaced. That requirement only applies in favor of persons who come within the act's terms. *Olympia Brewing Co. v. Department of Labor & Indus.*, 34 Wn.2d 498, 505, 208 P.2d 1181 (1949), *overruled on other grounds in Windust v. Department of Labor & Indus.*, 52 Wn.2d 33, 39, 323 P.2d 241 (1958). It does not apply to defining who those persons might be. *Olympia Brewing Co. v. Department of Labor & Indus., supra.* Rather, "persons who claim rights thereunder should be held to strict proof of their

right to receive the benefits provided by the act." *Olympia Brewing Co. v. Department of Labor & Indus.*, 34 Wn.2d at 505.

■ Here, the act expressly excludes partners from coverage unless they request it in writing. RCW 51.12.020(5); RCW 51.32.030. Therefore, the Legislature's intent is clear that partners are excluded without such a request, and there is no room for Mrs. Berry to claim that her husband, a partner, should be entitled to mandatory coverage as a worker. *Johnson v. Department of Labor & Indus.*, 33 Wn.2d 399, 402, 205 P.2d 896 (1949). Moreover, if we held otherwise, we would not be giving effect to RCW 51.32.030 which specifies that a partner is not entitled to benefits unless the Department receives the partner's written request for coverage. Whenever possible, we are required to give effect to every word, clause and sentence of a statute. *Cox v. Helenius*, 103 Wn.2d 383, 693 P.2d 683 (1985).

Judgment affirmed.

WORSWICK, C.J., and REED, J., concur.