[No. 59170-9.   En Banc.   April 22, 1993.]

THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*, v. MARVIN FANKHAUSER, *Appellant*.

THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*, v. CURTIS RUDOLPH, *Respondent*.

*Levinson, Friedman, Vhugen, Duggan & Bland,* by *William D. Hochberg,* for appellant Fankhauser and respondent Rudolph.

*Christine O. Gregoire, Attorney General,* and *Nancy Thygesen Day, Senior Counsel,* for State.

JOHNSON, J. — At issue in this case is whether under the "last injurious exposure" rule Marvin Fankhauser and Curtis Rudolph are excluded from coverage under the Washington Industrial Insurance Act (the Act) when they were exposed to asbestos contributing to their occupational disease during employment covered by the Act, but their last exposure occurred during self-employment not covered by the Act. The Board of Industrial Insurance Appeals (the Board) concluded the last injurious exposure rule does not bar their workers' compensation claims. On summary judgment, Kitsap County Superior Court upheld the Board's ruling in Rudolph's case, but Snohomish County Superior Court reversed in Fankhauser's case. We affirm the Board and Kitsap County Superior Court, and reverse Snohomish County Superior Court.

## I

The parties have stipulated to the facts. Marvin Fankhauser was exposed to asbestos during the following employment: (1) machinist mate in the United States Coast Guard from 1939 to 1947; (2) executive officer of Hub Brakes in Everett, Washington, from 1961 to 1962; and (3) owner/operator of Hub Brakes from 1962 to 1983. While working as executive officer of Hub Brakes, Fankhauser's employment was covered under RCW Title 51, the Washington Industrial Insurance Act. When he became owner of Hub

Brakes in 1962, he elected not to be covered under the Act and continued not to elect coverage until his retirement in 1983.

Curtis Rudolph was exposed to asbestos while working as a carpenter for the following employers: (1) William Gorsegner from 1940 to 1942; (2) Delguzzi Construction from 1947 to 1961; (3) Ramstead Construction from 1961 to 1963; and (4) Settle Construction from 1963 to 1965. Each of these employers was covered under the Act. From 1965 to 1980, Rudolph was also exposed to asbestos while self-employed. Like Fankhauser, Rudolph did not choose elective coverage under the Act.

Fankhauser and Rudolph have been diagnosed as having asbestos-related diseases. The parties have stipulated that Rudolph's doctor would testify that each and every exposure to asbestos contributed to Rudolph's current condition. Stipulation of Parties; Respondent's Clerk's Papers, at 104. Likewise, Fankhauser's doctor would testify that the concentration of asbestos fibers in Fankhauser's lungs indicates his condition is related to asbestos exposure. Stipulation of Facts; Appellant's Clerk's Papers, at 78. Claimants both filed for workers' compensation benefits for asbestos-related diseases resulting from their exposure while working for employers who were covered under the Act. The Department of Labor and Industries (the Department) rejected their claims based upon its interpretation of WAC 296-14-350(1), which codifies the last injurious exposure rule. WAC 296-14-350(1) states:

> The liable insurer in occupational disease cases is the insurer on risk at the time of the last injurious exposure to the injurious substance or hazard of disease which gave rise to the claim for compensation.

In rejecting both claims, the Department stated: "[T]he evidence reveals that the last injurious exposure which gave rise to the disease for which the claim was filed, did not occur during employment subject to coverage under the Industrial Insurance Laws of the state of Washington." Appellant's Clerk's Papers, at 79; *accord*, Respondent's Clerk's Papers, at 105.

Claimants appealed to the Board of Industrial Insurance Appeals. The Board reversed the Department's orders, holding the last injurious exposure rule did not bar the claims because the rule did not apply to claimants' self-employment, which was employment outside the coverage of the Act. The Board concluded the last injurious exposure rule applies to allocate liability only among insurers providing industrial insurance under the provisions of the Washington Act. Therefore, Fankhauser and Rudolph could bring claims for compensation for occupational disease from exposure occurring during their covered employment.

The Department appealed Fankhauser's case to Snohomish County Superior Court and Rudolph's case to Kitsap County Superior Court. All parties moved for summary judgment. Kitsap County Superior Court granted summary judgment for Rudolph, affirming the Board's ruling that the last injurious exposure rule did not bar Rudolph's claim. In Fankhauser's case, however, Snohomish County Superior Court reversed the Board's decision and reinstated the Department's order denying Fankhauser's claim. Fankhauser appealed to Division One of the Court of Appeals, and the Department appealed to Division Two. All parties moved to transfer and consolidate the appeals in this court. This court granted the motions and accepted direct review.

## II

■ We begin by determining the appropriate standard of review. Upon appeal to superior court, the standard of review of the Board's findings of fact and conclusions of law is de novo. RCW 51.52.115; *Garrett Freightlines, Inc. v. Department of Labor & Indus.*, 45 Wn. App. 335, 339, 725 P.2d 463 (1986). A superior court may grant summary judgment only if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. CR 56(c). Likewise, on appeal of a summary judgment order where no facts are in dispute and the only issue is a question of law, the standard of review is de novo. *Shum v. Department of Labor & Indus.*, 63 Wn. App. 405, 407, 819 P.2d 399 (1991).

## A

None of the parties dispute that claimants were exposed to asbestos during employment covered by the Act. Fankhauser was exposed at Hub Brakes, and Rudolph was exposed at various carpentry jobs. Both parties have been diagnosed as suffering from asbestos-related diseases. Such disease is an occupational disease if it arose "naturally and proximately out of employment" under the mandatory or elective provisions of the Act. RCW 51.08.140. Workers who suffer disability from an occupational disease in the course of employment covered by the Act are entitled to benefits. RCW 51.32.180. Claimants argue that they meet these requirements and thus are entitled to benefits for their disability resulting from employment covered by the Act. The Department, however, argues the plain language of the Act unambiguously excludes claimants from workers' compensation coverage for two reasons: (1) both were self-employed at the time of their last injurious exposure to asbestos, and (2) neither elected optional coverage under the Act before his occupational disease occurred.

Under RCW 51.12.020(5), sole proprietors or partners are expressly excluded from mandatory coverage and are not required to participate in Washington's workers' compensation system.[1] RCW 51.12.020. Neither are they considered "workers" or "employees" automatically covered under the statute. *Berry v. Department of Labor & Indus.*, 45 Wn. App. 883, 884-85, 729 P.2d 63 (1986) (holding partner killed in helicopter crash is not "worker" under the Industrial Insur-

---

[1]In 1981, the Washington Legislature added a proviso to RCW 51.12.020(5) specifying that sole proprietors or partners would be included under the mandatory coverage provisions of the Act, but only if they first requested coverage in writing according to RCW 51.32.030. Laws of 1981, ch. 128, § 3. In 1991, the Legislature amended RCW 51.12.020(5), removing the proviso and stating simply that sole proprietors or partners are excluded from mandatory coverage. However, they may still elect to be covered by the system under RCW 51.12.110. Laws of 1991, ch. 324, § 18; Laws of 1991, ch. 246, § 4 (effective Jan. 1, 1992). Thus, these changes in RCW Title 51 do not appear to have substantively changed the law at any time relevant to this case. At all times, sole proprietors or partners were excluded from mandatory coverage but had the option of electing to participate.

ance Act and is not entitled to mandatory coverage); *see* RCW 51.08.180; 51.08.185. Sole proprietors or partners may opt into the system under RCW 51.12.110 and RCW 51.32-.030, but neither claimant in this case elected coverage during his self-employment. *See Johnson v. Department of Labor & Indus.*, 33 Wn.2d 399, 404-05, 205 P.2d 896 (1949) (holding partners are excluded from coverage unless they request it in writing prior to the date of injury).

The Department is correct in maintaining that sole proprietors or partners are excluded from receiving compensation benefits under the Act for disease or injuries sustained during their self-employment unless they request coverage prior to the date of injury or disease. But that determination only tells us that claimants could not recover for an injury occurring *solely* during their self-employment. Such is not the case here. Claimants are trying to recover for an ongoing injury occurring over the course of *successive employments*, part of which was covered by the Act and part of which was not. Thus, the Department's argument is not dispositive.

B

■ The Department next argues claimants are excluded from coverage because of the last injurious exposure rule. Under this rule, the last "insurer covering the risk during the most recent exposure bearing a causal relationship to the disability" is liable for the entire amount of the workers' compensation award.[2] *Weyerhaeuser Co. v. Tri,* 117 Wn.2d

---

[2]A majority of states follow the last injurious exposure rule in occupational disease cases involving successive insurers. *See* Annot., *Workers' Compensation: Liability of Successive Employers for Disease or Condition Allegedly Attributable to Successive Employments,* 34 A.L.R.4th 958 (1984); 4 A. Larson, *Workmen's Compensation* § 95.20, at 17-121 (1990) and cases cited therein. Nevertheless, the rule does not necessarily apply in all workers' compensation contexts. *Weyerhaeuser Co. v. Tri,* 117 Wn.2d 128, 140 n.13, 814 P.2d 629 (1991). This court did not apply the rule for determining the date of injury for an occupational disease for purposes of calculating benefits. *Department of Labor & Indus. v. Landon,* 117 Wn.2d 122, 128 n.6, 814 P.2d 626 (1991). Other courts have also refused to apply the last injurious exposure rule under certain circumstances. *See, e.g., Colwell v. Trotman,* 47 Or. App. 855, 858-60, 615 P.2d 1094 (1980) (holding rule not appropriate when employment is concurrent); *General Ship Serv. v. Director,*

128, 130, 814 P.2d 629 (1991); WAC 296-14-350(1). The last injurious exposure rule is actually two rules: a rule of proof and a rule for assignment of responsibility. *In re Runft*, 303 Or. 493, 499, 739 P.2d 12 (1987); *Weyerhaeuser*, 117 Wn.2d at 134-35. Only the second application is at issue in this case. As a rule for assignment of responsibility, the last injurious exposure rule avoids the usual difficulty in determining which insurer should be held responsible for what percentage of the award, as required under an apportionment system. In occupational disease cases, this determination is particularly difficult because the worker often received multiple exposures over a long period of time. *Weyerhaeuser*, 117 Wn.2d at 135 (citing *In re Renfro*, Bd. of Indus. Ins. Appeals Dec. 86,2392 (1988)). The last injurious exposure rule avoids this problem by assigning responsibility to the last insurer at risk. Although the rule may appear arbitrary in a specific case, the law of averages will spread the costs proportionately among insurers over time. *Weyerhaeuser*, 117 Wn.2d at 136. By easing the burden on the claimant, the rule ultimately promotes the underlying purpose of the Industrial Insurance Act of ensuring that disabled workers receive compensation. *See* RCW 51.12.010.

The Department argues that claimants assumed the risk of injury as self-employers and thus should be considered the last "insurer on the risk" for purposes of applying the last injurious exposure rule. Claimants, however, argue the last injurious exposure rule should be applied to assign liability only among insurers providing benefits for employment covered by the Washington Industrial Insurance Act. They contend their self-employment was outside the scope of the Act.

This court recently adopted the last injurious exposure rule to allocate liability between the state fund and a self-insurer providing mandatory coverage under the Act. *Weyer-*

---

*Office of Workers' Comp. Programs*, 938 F.2d 960, 962 (9th Cir. 1991) (holding when the evidence does not clearly indicate which of covered employers last employed the claimant and exposed him to injury, "the purposes of the LHWCA are best served by assigning liability to the employer who is claimed against").

*haeuser Co. v. Tri*, 117 Wn.2d 128, 130, 814 P.2d 629 (1991). In *Weyerhaeuser*, a group of company employees suffered hearing loss as a result of occupational noise. A portion of the loss occurred while the State insured Weyerhaeuser's workers' compensation program, but the most recent hearing loss occurred after Weyerhaeuser became a self-insurer of its workers' compensation program, as allowed under the Act. *See* RCW 51.14.010. The court held Weyerhaeuser was liable for the entire award under the last injurious exposure rule because Weyerhaeuser was the last insurer covering the risk during the most recent exposure that caused the disability. *Weyerhaeuser*, 117 Wn.2d at 130.

The Department argues *Weyerhaeuser* is on point because claimants are "self-insurers" like Weyerhaeuser and thus are the last "insurers on the risk". We disagree. Although the claimants were self-employed, they are not "self-insurers" for purposes of RCW 51.14. A self-insurer is "an *employer* or group of employers which has been authorized under this title to carry its own liability to its *employees covered by this title*." (Italics ours.) RCW 51.08.173. In *Weyerhaeuser*, the company was an employer who was required under the Act to provide mandatory workers' compensation coverage for its employees. *See* RCW 51.04.060; *see also* RCW 51.12.010; 51.12.020; 51.14.010. The company could do so by paying premiums into the state-administered fund or by self-insuring. *See* RCW 51.14.010. Weyerhaeuser opted to become a "self-insurer" as defined under the Act, but nonetheless, its employment was covered by this title. In applying the last injurious exposure rule in *Weyerhaeuser*, the court was simply allocating responsibility among insurers of employment covered by the Act.

██ The facts of this case are different. Claimants' employment is not included with the mandatory coverage of the Act. RCW 51.12.020(5). They are not required to participate in the system either by paying premiums into the state-administered fund or by self-insuring. Neither are they required to opt into the system. Thus, claimants do not meet the definition of "self-insurers" in RCW 51.08.173, and their employ-

ment falls outside the scope of the Act. *Weyerhaeuser* does not address how to assign liability when one of the employers is not covered by the state workers' compensation system.

This issue has been decided by the Ninth Circuit in the context of the federal workers' compensation act. *Todd Shipyards Corp. v. Black*, 717 F.2d 1280 (9th Cir. 1983), *cert. denied*, 466 U.S. 937, 80 L. Ed. 2d 459, 104 S. Ct. 1910 (1984). In *Todd*, an employee was exposed to asbestos while working for 3 years at Todd Shipyards, employment covered by the Longshore and Harbor Workers' Compensation Act (LHWCA). He subsequently worked for Boeing Aircraft Corporation for 26 years in noncovered employment, where he was also exposed to asbestos. After developing lung cancer and asbestosis, he filed a claim against Todd Shipyards under the LHWCA.

Todd argued it was absolved of all liability for the claim under the last injurious exposure rule because of the employee's superseding exposure to asbestos at Boeing. The Ninth Circuit disagreed and found the shipyard liable. *Todd*, 717 F.2d at 1292. The court held:

> the last employer *covered by the [Act]* who causes or contributes to an occupational injury is completely liable for that injury. This is true even if the employee incurred the injury, in part, while subsequently working for an employer not covered by the Act.

(Italics ours.) *Todd*, 717 F.2d at 1287; *accord*, *Fulks v. Avondale Shipyards, Inc.*, 10 Ben. Rev. Bd. Serv. (MB) 340 (1979), *aff'd*, 637 F.2d 1008 (5th Cir.), *cert. denied*, 454 U.S. 1080, 70 L. Ed. 2d 613, 102 S. Ct. 633 (1981).

The Department's attempts to distinguish *Todd* are not persuasive; *Todd* is clearly analogous to this case. The claimant's injury in *Todd* did not result exclusively from his subsequent employment at Boeing. On the contrary, the *Todd* claimant demonstrated exposure to "sufficient quantities of injurious stimuli" during LHWCA employment to cause his disease. Likewise, claimants Fankhauser and Rudolph are not trying to collect for an injury that resulted exclusively from their self-employment. Rather, they are trying to

recover for occupational disease from exposure to asbestos that occurred during employment covered by the Washington Act. Those employers paid premiums into the state fund to cover any resulting liability. As the court stated in *Todd,*

> Congress did not intend that a company covered by the LHWCA should escape its legal responsibilities because a subsequent employer not covered by the Act also contributed to the occupational disease. On the contrary, the LHWCA *and similar workmen's compensation statutes* have been clearly and consistently interpreted to impose liability on the *last employer covered* by the applicable statute. To accept Todd's position would be to deny LHWCA compensation to many workers who were subjected to injurious stimuli but later worked at other non-covered jobs. Such a result would be contrary to the express purposes of the Act.

(Some italics ours.) *Todd,* 717 F.2d at 1285.

■ We find the court's reasoning persuasive. The purpose of the Washington Industrial Insurance Act is to reduce "to a minimum the suffering and economic loss arising from injuries and/or death occurring in the course of employment". RCW 51.12.010. The Act is to be liberally construed to achieve this purpose. RCW 51.12.010; *Sacred Heart Med. Ctr. v. Carrado,* 92 Wn.2d 631, 635, 600 P.2d 1015 (1979); *Lightle v. Department of Labor & Indus.,* 68 Wn.2d 507, 510, 413 P.2d 814 (1966). The Department's argument that the last injurious exposure rule absolves it of liability misconstrues the purpose of the rule. The rule was developed to increase the ease of obtaining benefits under the Act for claimants with industrial diseases, *not* to *limit* their ability to obtain benefits. Allowing the State to use the rule as a defense to bar Fankhauser's and Rudolph's claims would be contrary to the public policy inherent in the rule.

Additional persuasive authority is provided by other state court decisions that place liability on the last covered employer. *See Commissioner of Taxation & Fin. v. Nu-Art Advertising Co.,* 271 N.Y. 112, 2 N.E.2d 280 (1936); *In re Peterson,* 57 Or. App. 476, 478 n.1, 645 P.2d 567 (1982), *aff'd on other grounds,* 294 Or. 537, 660 P.2d 1058 (1983). *But see Herman v. Kandrat Coal Co.,* 205 Pa. Super. 117, 208 A.2d 51 (1965). The *Todd* approach has also been endorsed in state cases

where the last employer is located in a state different from that in which the claim is brought. The majority of these decisions place full liability on the last employer covered by that state's workers' compensation statute regardless of whether the claimant was subsequently exposed to dangerous conditions in out-of-state employment. *See, e.g., Claimants in re Garner v. Vanadium Corp. of Am.*, 194 Colo. 358, 572 P.2d 1205 (1977) (holding Colorado employer liable as last covered employer under Colorado statute even though employee subsequently worked in Utah for 8 years); *Smith v. Lawrence Baking Co.*, 370 Mich. 169, 121 N.W.2d 684 (1963) (holding Michigan company liable despite employee's subsequent work in Arkansas). *See also In re Miville*, 76 Or. App. 603, 710 P.2d 159 (1985); *In re Olson*, 78 Or. App. 261, 715 P.2d 1348 (1986); *Hamilton v. S.A. Healy Co.*, 14 A.D.2d 364, 221 N.Y.S.2d 325 (1961). *But see State Compensation Fund v. Joe*, 25 Ariz. App. 361, 543 P.2d 790 (1975).

▊▊ In sum, the majority of courts addressing the issue have held that the last injurious exposure rule does not bar claimants from workers' compensation in occupational disease cases when they were injured in covered employment, but their last injurious exposure was during noncovered employment. In such cases, the last covered employer or insurer is liable for the injury rather than the last employer "in time". We see no reason to go against this weight of authority. If claimants can prove that they suffer from an occupational disease which arose naturally and proximately out of employment covered under the Washington Industrial Insurance Act, they should be entitled to benefits. To hold otherwise would be to defeat the purpose of the Act to provide swift, certain relief for workers injured in employment covered by the Act. Moreover, this result is also consistent with our holding in *Weyerhaeuser*, which assigned liability to the last employer covered under the Act.

▊ The Department raises a number of other arguments, which we have considered and found unpersuasive. Finally, we note the Department suggests it is unfair for Fankhauser to receive compensation for his occupational disease when

he was covered by the Act for less than a year of his asbestos exposure, but was later exposed while self-employed for 21 years. The policy behind the rule, however, dictates against apportionment, and this court has rejected apportioning liability among successive employers for occupational disease claims. *Weyerhaeuser*, 117 Wn.2d at 138-39; *accord, Todd*, 717 F.2d at 1286. Under the last injurious exposure rule, the last employer is liable for all disability from an occupational disease regardless of the length of the employee's service. Thus, insurers or employers who have been at risk for relatively brief periods of time have nonetheless been charged with full liability. *Ertz v. Glen Nan, Inc.*, 29 Pa. Commw. 409, 371 A.2d 533 (1977) (holding new carrier liable for entire claim even though on the risk for only 7 hours); *Fulks v. Avondale Shipyards, Inc.*, 10 Ben. Rev. Bd. Serv. (MB) 340 (1979) (holding employer liable for occupational disease even though coverage was only for 2-month period and employee's final and prolonged exposure to the injurious stimuli occurred in noncovered employment lasting 16 years), *aff'd*, 637 F.2d 1008 (5th Cir.), *cert. denied*, 454 U.S. 1080, 70 L. Ed. 2d 613, 102 S. Ct. 633 (1981). Although application of the rule in circumstances of short exposure may seem unfair and arbitrary, the rule "apportions liability in a fundamentally equitable manner because 'all employers will be the last employer a proportionate share of the time.' " *Todd*, 717 F.2d at 1285 (quoting *Cordero v. Triple A Mach. Shop*, 580 F.2d 1331, 1336 (9th Cir. 1978), *cert. denied*, 440 U.S. 911, 59 L. Ed. 2d 459, 99 S. Ct. 1223 (1979)).

### III

In conclusion, under the last injurious exposure rule, WAC 296-14-350(1), the "liable insurer in occupational disease cases" is the last employer or insurer of employment covered by RCW Title 51 at which the most recent exposure bearing a causal relationship to the disease occurred. This is true even if the occupational disease is caused, in part, by a subsequent employer who is not subject to the Act. Thus, we hold on the facts of this case claimants Fankhauser and

Rudolph are not barred by the last injurious exposure rule from seeking compensation for their occupational disease resulting from exposure to asbestos during employment covered by the Act.

We affirm the Board of Industrial Insurance Appeals, affirm Kitsap County Superior Court's summary judgment in favor of Rudolph, reverse Snohomish County Superior Court's summary judgment in favor of the Department, and remand both cases to the Department for further proceedings consistent with this opinion.

ANDERSEN, C.J., and UTTER, BRACHTENBACH, DURHAM, SMITH, and GUY, JJ., concur.