[No. 15066-6-III.    Division Three.    April 15, 1997.]

MALKIAT KAUR DOSANJH, *Individually and as Personal Representative and Guardian, Appellant,* v. BALJIT BHATTI, *Respondent.*

770

*Breean L. Beggs, Philip J. Buri,* and *Brett & Daugert, L.L.P.,* for appellant.

*Thomas J. Collins, Judith W. Constans,* and *Merrick, Hofstedt & Lindsey,* for respondent.

KURTZ, J. — This is a wrongful death lawsuit, arising out of a truck accident that occurred in Washington State, involving two residents of British Columbia, Canada, who died in the accident. The estate of Dosanjh (Dosanjh) requests reversal of the order for summary judgment in favor of the estate of Bhatti (Bhatti) dismissing Dosanjh's complaint. Dosanjh also requests entry of summary judgment in favor of Dosanjh affirming the application of Washington law to this wrongful death lawsuit. We reverse the trial court and grant Dosanjh's motion for summary judgment.

## FACTS

The facts are not disputed by the parties. The case arises from a semitrailer accident that occurred on July 5, 1993. Ranjit Bhatti was driving and fell asleep at the wheel, rolled the truck, and killed himself and his passenger, Amarjit Dosanjh. The accident occurred near Ellensburg, Washington.

Mr. Dosanjh owned the truck and operated under a "Standard Owner/Operator Contract" with TNT Roadfast/John F. Enright Freight Inc., a long haul trucker operating out of Ontario, Canada. Under this contract, Mr. Dosanjh operated as an independent contractor. TNT/Enright paid Mr. Dosanjh by the load. TNT/Enright maintained liability insurance for activities conducted under its contract with Mr. Dosanjh, including the acts of Mr. Bhatti. TNT/Enright also paid for workers' compensation coverage in British Columbia for both Mr. Dosanjh and Mr. Bhatti. TNT/Enright filed employer's reports of injury with the Workers' Compensation Board of British Columbia on behalf of the widows of both men. The widow of Mr. Bhatti filed her claim with the British Columbia Workers' Compensation Board, and it has been accepted by the Board. The widow of Mr. Dosanjh did not file a claim with the British Columbia Workers' Compensation Board. Instead, Mrs. Dosanjh filed a complaint for wrongful death against the estate of Bhatti in Kittitas County.

Bhatti moved for summary dismissal of the suit. The court granted summary judgment in a memorandum decision dated June 23, 1995. The court noted that as a general rule, both jurisdictions prohibit lawsuits between fellow workers within their jurisdictions. The court concluded that Washington's workers' compensation scheme conflicted with British Columbia's because Washington specifically excludes truck owners/operators. For that reason, Washington allows this wrongful death lawsuit between the decedent estates of these two employees. British Columbia, on the other hand, includes these workers in its Workers' Compensation Act (B.C. Act) and, thus, no suit would be allowed. The court then analyzed the significant relationships of the parties with each jurisdiction and found the most significant relationship favored British Columbia. It then applied the B.C. Act and dismissed the case.

## ANALYSIS

■■ In reviewing summary judgment, this court engages in the same inquiry as the trial court. RAP 9.12; *Walmer v. Department of Labor & Indus.*, 78 Wn. App. 162, 165-66, 896 P.2d 95, *review denied*, 128 Wn.2d 1003 (1995). Here, the review is de novo because the material facts are not disputed and the trial court's decision involved only a question of law. *Walmer*, 78 Wn. App. at 165-66.

Sections 9 and 10 of the B.C. Act provide in part as follows:

> **9.** (1) Where by the law of the country or place in which the injury or industrial disease occurs the worker or his dependents are entitled to compensation in respect of it, they shall be bound to elect whether they will claim compensation under the law of that country or place or under this Part, and to give notice of the election. If the election is not made and notice given, it shall be presumed that they have elected not to claim compensation under this Part . . . .
>
> . . . .

**10.** (1) The provisions of this Part are in lieu of any right and rights of action, statutory or otherwise, founded on a breach of duty of care or any other cause of action, whether that duty or cause of action is imposed by or arises by reason of law or contract, express or implied, to which a worker, dependant or member of the family of the worker is or may be entitled against the employer of the worker, or against any employer within the scope of this Part, or against any worker, in respect of any personal injury, disablement or death arising out of and in the course of employment and no action in respect of it lies.

Workers' Compensation Act, R.S.C., ch. 437, §§ 9, 10 (1993) (Can.).

The dispositive questions here are:

1. Does section 9 allow a wrongful death action between co-workers covered by the B.C. Act in the foreign jurisdiction where the accident occurred?

Dosanjh argues that section 9 of the B.C. Act allows injured workers to elect whether to sue in the place of injury or to accept benefits under the B.C. Act. Nothing in the B.C. Act, Dosanjh maintains, prohibits a tort lawsuit in another jurisdiction involving parties governed by the B.C. Act. Dosanjh further notes that Washington State allows co-employees who are truck owner/operators leasing their vehicles to sue one another because they are exempted from Washington State's workers' compensation laws. RCW 51.08.180.[1] Consequently, Dosanjh argues British Columbia workers are entitled to elect to sue under section 9 of the B.C. Act in Washington State.

In response, Bhatti states section 9 recognizes other remedies only for British Columbia workers injured outside the province by individuals who are not covered by the B.C. Act. Section 9, Bhatti urges, does not abrogate the general prohibition against suing co-workers covered by the B.C. Act for torts committed during the course of employment.

---

[1]RCW 51.08.180 provides in part "a person is not a worker for the purpose of this title, with respect to his or her activities attendant to operating a truck which he or she owns, and which is leased to a common . . . carrier."

Further, Dosanjh cannot avail itself of section 9 because (1) Dosanjh is not covered by Washington workers' compensation laws and thus is not "entitled" to benefits, and (2) Washington prohibits suits between co-workers covered by its workers' compensation laws.

■ Bhatti's contention that section 9 provides a remedy only for British Columbia workers injured outside British Columbia by people not covered by the B.C. Act is without legal authority. Significantly, no support for this contention is found in the plain language of the text. When interpreting a statute, the court should give effect to the Legislature's intent as expressed in the plain language of the statute. *State v. Wilbur*, 110 Wn.2d 16, 18-19, 749 P.2d 1295 (1988). If the Canadian Legislature had intended to restrict the application of section 9 to only those workers not covered by the B.C. Act, it follows that such an intent would be clearly set forth within the statute. To the contrary, section 9 appears to offer the injured party a choice of pursuing a remedy allowed by the place where the injury occurred.

■ Bhatti urges that the section 9 exception is not applicable because Dosanjh is not "entitled to compensation" by the laws of Washington. The argument is that Dosanjh is not entitled to compensation because (1) Dosanjh was not covered by Washington's workers' compensation laws, and (2) as a general rule Washington prohibits lawsuits against co-workers. Bhatti's first contention adopts a narrow construction of the phrase "entitled to compensation." To accept this argument, the court would have to add an additional restrictive clause to section 9—that individuals "entitled to compensation" must be *entitled to workers' compensation* under the foreign jurisdiction. Moreover, Bhatti's interpretation defies common sense. It would be the rare instance when a British Columbia worker subject to the B.C. Act would simultaneously qualify as an employee under the Washington scheme and thus be "entitled" to compensation under Washington workers' compensation laws.

■ ■ Bhatti's contention that Washington's workers' compensation scheme generally prohibits tort suits between co-workers is correct. RCW 51.04.010. However, Bhatti ignores that Washington's scheme specifically excludes truck owner/operators from its workers' compensation coverage. RCW 51.08.180. Sole proprietors or partners are expressly excluded from mandatory coverage and are not required to participate in Washington's workers' compensation system. RCW 51.12.020. Neither are they considered "workers" or "employees" automatically covered under the statute. *Department of Labor & Indus. v. Fankhauser*, 121 Wn.2d 304, 309, 849 P.2d 1209 (1993). As a result, truckers such as Dosanjh are entitled to sue co-workers in a wrongful death action. In fact, absent a specific election to be covered under the workers' compensation system under RCW 51.12.110 and RCW 51.32.030, an uncommon and unlikely election for long distance truckers, Dosanjh's only remedy for wrongful death in Washington State is this lawsuit.

In summary, the plain statutory language of section 9 provides that if a worker covered by the B.C. Act is injured outside of British Columbia and that individual has proper grounds for a lawsuit arising out of the injury given the laws of the forum, then the individual not only has the right to sue, but is presumed to elect this remedy under section 9.

2. Does a conflict of law exist between the laws of British Columbia and the state of Washington relating to a wrongful death claim between an employer and employee who are engaged in operating a truck that is leased to a carrier?

■ Because both the B.C. Act and Washington law allow this wrongful death lawsuit, Dosanjh contends no conflict of law exists. An actual conflict between the law of Washington and the law of another jurisdiction must exist before Washington courts will engage in a conflict analysis. *Williams v. State*, 76 Wn. App. 237, 241, 885 P.2d 845 (1994). The test of whether a conflict exists is whether the

law of the jurisdiction is "fundamentally incompatible" with the law of Washington. *Burnside v. Simpson Paper Co.*, 123 Wn.2d 93, 100, 864 P.2d 937 (1994). Where the laws of the differing jurisdictions are not fundamentally incompatible, the application of the "presumptive local law" is proper. *Rice v. Dow Chem. Co.*, 124 Wn.2d 205, 210, 875 P.2d 1213 (1994). Dosanjh believes Washington substantive law should govern this lawsuit.

Bhatti argues that if the court finds that section 9 of the B.C. Act allows suits between co-workers for acts arising outside of British Columbia, a conflict exists because (1) Washington does not allow its covered co-employees to sue one another outside Washington and British Columbia allows the suit; (2) Washington's system specifically excludes truck owner/operators who lease their trucks to carriers from workers' compensation schemes and British Columbia does not; and (3) British Columbia limits damage awards for tort victims and Washington does not. Bhatti concedes Washington's rules of the road apply to this truck accident that occurred in Washington, but argues for all other purposes the law of British Columbia should apply.

Before Washington courts engage in a conflict of law analysis, there must be an actual conflict between the law of Washington and the law of another jurisdiction. In *Burnside*, the court declined to engage in conflict analysis between Washington and California law where the laws had a common purpose and where California law did not establish an exclusive remedy for injury. Instead, the *Burnside* court declared the differences in the laws created a "false conflict." *Burnside*, 123 Wn.2d at 100 n.3 (citing *Pacific Gamble Robinson Co. v. Lapp*, 95 Wn.2d 341, 345 n.1, 622 P.2d 850 (1980)). The *Pacific Gamble* court explained:

> The usual meaning of "false conflict" is that there is no conflict between the laws of two states. That is, "[i]f the laws of both states relevant to the set of facts are the same, or would produce the same decision in the lawsuit, there is no real conflict between them and the case ought to be decided

under the law that is common to both states." R. Leflar, *American Conflicts Laws* § 93, at 188 (3d ed. 1977).

*Pacific Gamble*, 95 Wn.2d at 345 n.1.

This case presents a false conflict because British Columbia does not purport to supply the exclusive remedy for employment related torts occurring outside the province. Section 9 explicitly acquiesces in application of the laws of the forum jurisdiction. Moreover, Canadian courts favor the application of lex loci delecti and have specifically rejected the "significant contacts" approach employed by the United States. *See Tolofson v. Jensen* [1994] 120 D.L.R. (4th) 289, 309-10 (Can.). Considering the B.C. Act election and presumption that an injured worker will elect to bring suit in the forum of the injury and the Canadian policy favoring application of the law of the forum, no conflict exists and Washington substantive law applies to all issues.

## HOLDING

We reverse the order for summary judgment dismissing Dosanjh's lawsuit and grant summary judgment to Dosanjh, holding that this case shall be decided under the laws of Washington State.

SCHULTHEIS, A.C.J., and MUNSON, J. Pro Tem., concur.

Reconsideration denied May 12, 1997.

Review denied at 133 Wn.2d 1016 (1997).