[No. 42214-6-I.   Division One.   June 28, 1999.]

SPEARS MANUFACTURING CO., *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.

*Ed Holm, Prosecuting Attorney,* and *James Stone Johnson, Assistant,* for appellant.

*Janet L. Smith* of *Craig, Jessup & Stratton,* for respondent.

KENNEDY, C.J. — In this Industrial Insurance Act case, the claimant filed an occupational disease claim less than a week into her employment at state-fund insured Mr. Ed's Bingo Casino. The Department of Labor and Industries approved the claim, "as the insurer covering the risk during the most recent exposure bearing a causal relationship to the disability," *Weyerhaeuser Co. v. Tri,* 117 Wn.2d 128, 130, 814 P.2d 629 (1991), and compensated the claimant under WAC 296-14-350(1). The Department then applied WAC 296-17-870(6)'s pro rata "periods-of-employment" rule and charged the entire claim to state-fund insured Spears Manufacturing Company, the claimant's second-to-last employer, for "experience rating" purposes. Although Spears Manufacturing was not responsible for actually paying the claim or even a deductible, as a state-fund insured employer, having a claim charged against its experience rating could increase its future industrial insurance premiums. *See* WAC 296-17-855.

Spears Manufacturing appealed to King County Superior Court, contending that *Weyerhaeuser v. Tri* and the "last-injurious-exposure" rule required the Department to charge the entire claim to Mr. Ed's Bingo Casino for experience rating purposes. The Superior Court agreed and reversed, ordering the Department not to charge any of the claim to Spears Manufacturing for experience rating purposes. We reverse the Superior Court and hold that af-

ter the Department applies the last-injurious-exposure rule and determines that the state fund is the liable insurer, the Department may apply its periods-of-employment rule to apportion the claim between successive state-fund insured employers for experience rating purposes.

## STATEMENT OF FACTS

The parties have stipulated to the facts: Evergreen Temp employed Cindy Meisner, the claimant, between January 1986 and February 1987. Spears Manufacturing employed the claimant between February 1987 and October 7, 1994. Mr. Ed's Bingo Casino employed the claimant between October 10, 1994, and September 1995. For each employer, the claimant worked 40 hours per week, and performed 10-key data entry and computer work. Evergreen Temp, Spears Manufacturing, and Mr. Ed's Bingo Casino are all state-fund insured employers, i.e., the state insures their respective workers' compensation programs.[1]

On October 14, 1994, the claimant sought medical attention for pain in her right hand, elbow, and arm. The claimant's doctor attributed the pain to her "repetitive use of the right upper extremity due to work activities of 10-key data entry and computer work." Certified Appeals Board Record at 52. On October 18, 1994, the claimant filed an application for benefits with the Department of Labor and Industries. The Department allowed the claim as an occupational disease based on her employment at Mr. Ed's Bingo Casino, but charged the claim to Spears Manufacturing for experience rating purposes.

Spears Manufacturing appealed to the Board of Industrial Insurance Appeals, contending that *Weyerhaeuser Co. v. Tri*, its progeny, the last-injurious-exposure rule, and WAC

---

[1]The Department of Labor and Industries "also certifies certain employers to become 'self-insured,' which means that they are permitted to pay the legally defined industrial insurance benefits from their own funds." WAC 296-06-040.

296-14-350(1)[2] required the Department to charge the entire claim to Mr. Ed's Bingo Casino's experience rating as the last employer to expose the claimant to the occupational hazard. The Board rejected Spears Manufacturing's appeal, concluding that the last-injurious-exposure rule applies only for determining which *insurer* is liable for the occupational disease claim:

> In adopting the last injurious exposure rule in [*Weyerhaeuser*,] the Supreme Court explicitly sought to remedy the assignment of liability between successive *insurers*. The court recognized the burden that would be placed on injured workers to prove a precise percentage of liability in order to receive compensation from more than one insurer and rejected apportionment between insurers as inconsistent with Industrial Insurance Act's goal of sure and certain relief. In [*Department of Labor & Indus. v. Fankhauser*, 121 Wn.2d 304, 311-12, 849 P.2d 1209 (1993)], the Supreme Court emphasized that the last injurious exposure rule applies between insurers operating under the provisions of the Industrial Insurance Act.

Certified Appeals Board Record at 4.

Spears Manufacturing appealed to King County Superior Court. The Superior Court reversed, reasoning that "the 'liable insurer' is solely liable for the entire amount of the workers' compensation claim[,]" and "Spears Manufacturing Company is not the 'liable insurer' in this case pursuant to WAC 296-14-350(1), as it was not the last employer or insurer of employment covered by Title 51 RCW at which the most recent exposure bearing a causal relationship to the disease occurred." Clerk's Papers at 15. Accordingly, the Superior Court ordered the Department not to charge

---

[2]WAC 296-14-350(1) is the Department's codification of the last-injurious-exposure rule: "The liable insurer in occupational disease cases is the insurer on risk at the time of the last injurious exposure to the injurious substance or hazard of disease . . . which gave rise to the claim for compensation." WAC 296-14-350(1).

the claim to Spears Manufacturing's experience rating. The Department appeals.

## DISCUSSION

Spears Manufacturing contends that the Supreme Court's decision in *Weyerhaeuser Co. v. Tri*, 117 Wn.2d 128, 814 P.2d 629 (1991), establishes that apportioning an occupational disease claim between successive state-fund insured employers is inconsistent with the Industrial Insurance Act. Therefore, Spears Manufacturing maintains that after the Department applies the last-injurious-exposure rule and determines that the state fund is the liable insurer, the Department must charge the entire claim to the last state-fund insured employer's experience rating.

The Department contends that where, as here, the last-injurious-exposure rule establishes that the state fund is the liable insurer, the Department is free to apply WAC 296-17-870(6) and apportion the claim between state-fund insured employers' experience ratings based on the number of periods that each state-fund insured employer exposed the claimant to the occupational hazard:

> The cost of any occupational disease claim, paid from the accident fund and medical aid fund and arising from exposure to the disease hazard under two or more employers, shall be prorated to each period of employment involving exposure to the hazard. Each insured employer who had employed the claimant during the experience period, and for at least ten percent of the claimant's exposure to the hazard, shall be charged for his share of the claim based upon the prorated costs.

WAC 296-17-870(6). Whether WAC 296-17-870(6)'s pro rata periods-of-employment rule is inconsistent with the *Weyerhaeuser* case and the last-injurious-exposure rule adopted therein is a question of law that this court reviews de novo, according due deference to the Board's interpretation of the Industrial Insurance Act. *See Weyerhaeuser*, 117 Wn.2d at 138.

■■ The last-injurious-exposure rule provides that "the *insurer* covering the risk during the most recent exposure bearing a causal relationship to the disability, is liable for the entire amount of the award." *Weyerhaeuser,* 117 Wn.2d at 130 (emphasis added); *accord Department of Labor & Indus. v. Fankhauser,* 121 Wn.2d 304, 310, 849 P.2d 1209 (1993); WAC 296-14-350(1). The length of the employee's service is not material. *Fankhauser,* 121 Wn.2d at 316.

The last-injurious-exposure rule "solves two problems peculiar to occupational disease cases involving *successive insurers.*" *Weyerhaeuser,* 117 Wn.2d at 134 (emphasis added). First, it relieves an injured worker from having to prove that "a specific exposure contributed to the development of his or her occupational disease." *Id.* at 135 n.8. Second, it avoids the difficult task of assigning proportionate responsibility between successive insurers. *Id.* at 135. "By easing the burden on the claimant, the rule ultimately promotes the underlying purpose of the Industrial Insurance Act of ensuring that disabled workers receive compensation." *Fankhauser,* 121 Wn.2d at 311.

Once the last-injurious-exposure rule establishes that the state fund is the liable insurer, there is no longer a concern that the claimant will be overburdened by "proof" and "assignment of fault" problems because the state fund must fully compensate the claimant for his or her occupational injury "regardless of the length of the employee's service." *Fankhauser,* 121 Wn.2d at 316; *accord Weyerhaeuser,* 117 Wn.2d at 130. Therefore, as the Board of Industrial Insurance Appeals concluded below, *Weyerhaeuser* and its progeny require the Department to apply only the last-injurious-exposure rule to determine if it is the liable insurer.[3]

Nonetheless, Spears Manufacturing contends that the

---

[3]In the *Weyerhaeuser* case, the Supreme Court expressly limited its adoption of the last-injurious-exposure rule to determining liability between successive insurers:

In adopting the last injurious exposure rule for purposes of assigning liability among successive insurers, we do not mean to imply that the rule applies in all workers' compensation contexts. For example, we have also decided this day that the rule does not apply in determining which schedule of benefits to use in

Department should be required to apply the last-injurious-exposure rule for calculating state-fund insured employers' experience ratings for two reasons. First, Spears Manufacturing argues that the same "proof" and "assignment of responsibility" problems associated with apportioning liability between successive insurers to determine liability would apply if the Department is allowed to apportion a claim between successive state-fund insured employers' experience ratings. And, according to Spears Manufacturing, these problems will overburden small state-fund insured employers who want to dispute the Department's apportionment of a claim. Second, Spears Manufacturing argues that the Department's pro rata periods-of-employment rule is arbitrary and does not accurately apportion liability between successive state-fund insured employers.

■■ "[W]here the Legislature has specifically delegated rule-making authority to an agency, the agency's regulations are presumed valid, and only compelling reasons demonstrating that the regulation conflicts with the intent and purpose of the legislation warrant striking down a challenged regulation." *Armstrong v. State*, 91 Wn. App. 530, 536-37, 958 P.2d 1010 (1998), *review denied*, 137 Wn.2d 1011 (1999). "The wisdom or desirability of the rule is not a question for the court's review, although the court's purpose is to ascertain and give effect to the Legislature's intent." *Id.* at 537 (citation omitted).

---

a given case. *See Department of Labor & Indus. v. Landon*, 117 Wn.2d 122, 814 P.2d 626 (1991). Today we adopt the rule only for purposes of determining liability among successive insurers in occupational disease cases.

*Weyerhaeuser*, 117 Wn.2d at 140 n.13. Although the *Fankhauser* court refers to "the last employer or insurer of employment covered by RCW Title 51" in explaining the last-injurious-exposure rule, *see Fankhauser*, 121 Wn.2d at 316, the issue in *Fankhauser* was whether the state fund was the liable insurer for occupational disease claims brought by two uninsured self-employed claimants that were exposed to an occupational hazard during their self-employment and their earlier employment with state fund employers. *Id.* at 306-07. Consequently, the state fund's liability turned on whether the claimants' self-employment or their respective last state-fund insured employers were their "last employers" under the last-injurious-exposure rule. If the state-fund insured employers were their "last employers" under the last-injurious-exposure rule, then the state fund was the "last insurer" and liable for the claims. Therefore, despite the *Fankhauser* court's use of the phrase "last employer or insurer," the *Fankhauser* case did not alter or expand the last-injurious-exposure rule's scope or applicability.

RCW 51.16.035 requires the Department to "formulate and adopt rules and regulations governing the method of premium calculation and collection and providing for a rating system consistent with recognized principles of workers' compensation insurance which shall be designed to stimulate and encourage accident prevention and to facilitate collection." Admittedly, the periods-of-employment rule, like the last-injurious-exposure rule, is somewhat arbitrary because a claimant's exposure to a particular occupational hazard will vary depending on the conditions of employment—not just the length of employment or frequency of exposure. But the best arbitrary lines are generally drawn at the least arbitrary points. And the pro rata periods-of-employment rule is arguably less arbitrary than last-injurious-exposure rule because it at least attempts to correlate the claimant's employment with his or her exposure to the occupational hazard. Therefore, this deficiency is not a legally justifiable basis for invalidating the Department's pro rata periods-of-employment rule.

Regarding Spears Manufacturing's contention that the "proof" and "assignment of responsibility" problems will overburden small state-fund insured employers who want to dispute the Department's apportionment of a claim, the Department's pro rata periods-of-employment rule solves the "assignment of responsibility" problem by creating a systematic method for apportioning fault based on periods of exposure. Although it is true that there will still be a substantial "proof" problem for determining whether the claimant was exposed to the occupational hazard during a particular period of employment, Spears Manufacturing cites nothing to support its argument that burdening an employer with the "proof" problem—as opposed to a claimant—is contrary or inconsistent with the Industrial Insurance Act. Cf. Fankhauser, 121 Wn.2d at 311 ("[T]he underlying purpose of the Industrial Insurance Act [is to ensure] that disabled workers receive compensation."). Therefore, this potential burden on small employers is also not a legally justifiable basis for invalidating the Department's pro rata periods-of-employment rule.

In sum, regardless of whether Spears Manufacturing's criticisms of the Department's pro rata periods-of-employment rule have some merit, Spears Manufacturing has not presented any "compelling reasons demonstrating that the regulation conflicts with the intent and purpose" of RCW 51.16.035 or the Industrial Insurance Act as a whole. *Armstrong*, 91 Wn. App. at 536-37. Therefore, after the Department applies the last-injurious-exposure rule and determines that the state fund is the liable insurer, the Department may apply its periods-of-employment rule to apportion the claim between successive state-fund insured employers' experience ratings. Accordingly, the Superior Court erred in reversing the Board.

We reverse the Superior Court and reinstate the decision of the Board of Industrial Insurance Appeals.

WEBSTER and AGID, JJ., concur.