[No. 29125-1-III. Division Three. April 26, 2011.]

ELIZABETH A. OLSEN, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

444

*William D. Hochberg* and *Amie C. Peters* (of *Law Office of Bill Hochberg*), for appellant.

*Robert M. McKenna, Attorney General,* and *Steve R. Vinyard, Assistant,* for respondent.

¶1 BROWN, J. — Elizabeth A. Olsen, Robert E. Olsen's widow, appeals the Yakima County Superior Court's summary dismissal of her industrial insurance appeal awarding her limited "temporary benefits" under the Washington Industrial Insurance Act (IIA), Title 51 RCW. Mr. Olsen died from exposure to asbestos while working for maritime and nonmaritime employers. Maritime employers are covered under the federal Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901-950, and nonmaritime employers are covered under the IIA. Because Mr. Olsen had a right to federal benefits under the LHWCA as a maritime worker, the Department of Labor and Industries (Department) limited her to reimbursable temporary benefits that will cease when the federal payments begin. Ms. Olsen contends the Department erred in limiting her benefits and lacks subject-matter jurisdiction over issues relating to asbestos exposure claims covered under the LHWCA. We disagree with her contentions and affirm.

## FACTS

¶2 The facts are mainly undisputed. Robert E. Olsen worked as a pipefitter in Washington State from 1955 to

1990. This employment repeatedly exposed Mr. Olsen to asbestos from insulation around the pipes. Mr. Olsen's asbestos exposure occurred while working for the Navy, other maritime employers, and nonmaritime employers. Mr. Olsen's physician, Dr. Samuel P. Hammar, diagnosed asbestos-induced visceral pleural fibrosis, parietal pleural fibrosis, and subpleural interstitial fibrosis. Dr. Hammar opined the concentration of asbestos fibers in Mr. Olsen's lungs showed his lung condition was caused by asbestos exposure. Mr. Olsen's prolonged asbestos exposure occurred while employed with employers covered under the IIA and the LHWCA. His last injurious exposure occurred while employed with an IIA-covered employer.

¶3 In April 2007, Mr. Olsen passed away. Ms. Olsen filed a claim under the LHWCA and IIA for surviving spouse benefits. On November 6, 2008, the Department issued an order granting Ms. Olsen temporary reimbursable death benefits. The order stated, "It has been determined that Mr. Olsen was exposed to asbestos in the shipyards, and therefore is considered a maritime worker, under maritime coverage. . . . In accordance with RCW 51.12.102, temporary benefits will be paid to the surviving spouse from the Asbestos Fund until the federal insurer initiates payments or benefits are otherwise properly terminated under the title." Board Record (BR) at 34.

¶4 Ms. Olsen appealed the Department's ruling to the Board. The Board on cross motions granted summary judgment for the Department, affirming the Department's November 6, 2008, order and denied her petition for review. Ms. Olsen then appealed to the Yakima County Superior Court. The court on cross motions summarily affirmed the Board's decision. Ms. Olsen appealed.

## ANALYSIS

### A. Jurisdiction

¶5 Ms. Olsen contends the Department lacks subject matter jurisdiction over matters concerning Mr. Olsen's

asbestos exposure while employed with maritime employers. Subject matter jurisdiction is a question of law we review de novo. *Young v. Clark*, 149 Wn.2d 130, 132, 65 P.3d 1192 (2003).

¶6 RCW 51.12.102(1)(b) directs the Department to "render a decision" regarding the "liable insurer" for an asbestos-related illness. RCW 51.12.102(2), (3), and (4) then set forth additional action to be taken by the Department after it determines the liable insurer. In *Gorman v. Garlock, Inc.*, 155 Wn.2d 198, 207, 118 P.3d 311 (2005), our Supreme Court held that while the LHWCA appears to provide the exclusive remedy to workers with maritime-related injuries, " 'federal jurisdiction . . . coexist[s] with state compensation laws.' " (Alterations in original) (quoting *Sun Ship, Inc. v. Pennsylvania*, 447 U.S. 715, 722, 100 S. Ct. 2432, 65 L. Ed. 2d 458 (1980)). Considering the statute directs the Department to decide, among other things, whether a claim is subject to a federal statute, and because our Supreme Court has recognized that federal and state jurisdiction coexist, the Department had subject matter jurisdiction over Ms. Olsen's claim.

## B. Summary Judgment

¶7 The issue is whether the superior court erred in summarily granting the Department's request to affirm the Board's decision approving the Department's decision limiting Ms. Olsen's award to temporary benefits.

¶8 Because no genuine material fact issues remain disputed and the issues raised are questions of law, we conduct de novo review of the Board's summary judgment order. *Dep't of Labor & Indus. v. Fankhauser*, 121 Wn.2d 304, 308, 849 P.2d 1209 (1993). We recognize the IIA is to be "liberally construed for the purpose of reducing to a minimum the suffering and economic loss arising from injuries and/or death occurring in the course of employment." RCW 51.12.010.

¶9 The IIA "supplants common law suits by workers against their employers for injuries sustained on the job

and generally provides the exclusive means by which an injured worker may obtain relief for such injuries from his or her employer." *Gorman*, 155 Wn.2d at 207. One narrow exception is when a Washington worker is covered by certain federal workers' compensation statutes, including the LHWCA. *Id.* at 208 (citing RCW 51.12.100). The legislature's intent in excluding workers covered under the LHWCA "was 'to prevent double recovery by [such a] worker.' " *Id.* (alteration in original) (quoting *Esparza v. Skyreach Equip., Inc.*, 103 Wn. App. 916, 938, 15 P.3d 188 (2000)).

¶10 In 1988, the legislature enacted RCW 51.12.102, providing for the payment of some IIA benefits under certain circumstances to maritime workers "who may have a right or claim for benefits under the maritime laws of the United States." RCW 51.12.102(1) directs the Department to "furnish the benefits provided under this title to [such a worker] if (a) there are objective clinical findings to substantiate that the worker has an asbestos-related claim for occupational disease and (b) the worker's employment history has a prima facie indicia of injurious exposure to asbestos fibers while employed in the state of Washington in employment covered under this title." RCW 51.12.102(1)(b) further directs the Department to "render a decision as to the liable insurer and [to] continue to pay benefits until the liable insurer initiates payments or benefits are otherwise properly terminated under this title."

¶11 By contrast, 33 U.S.C. § 905(a) of the LHWCA provides the liability of an employer under the act "shall be exclusive and in place of all other liability of such employer to the employee" and 33 U.S.C. § 933(i) provides that the right to compensation or benefits under the act "shall be the exclusive remedy to an employee when he is injured." Significantly, RCW 51.12.100(1) states the provisions of Washington's workers' compensation act "shall not apply . . . to employers and workers for whom a right or obligation exists under the maritime laws."

¶12 The interplay between the IIA and the LHWCA came before our Supreme Court in *Gorman*. *Gorman* involved workers who were exposed to asbestos while working for maritime employers. They sought to sue the maritime employers pursuant to RCW 51.24.020, which provides an exception to the workers' compensation act's exclusive remedy provision for injuries resulting from the employer's deliberate intention. But, the court held because maritime workers are not covered by the state act, they may not maintain a suit under RCW 51.24.020. The court acknowledged that under RCW 51.12.102 workers can receive some state benefits even if they may have a right or claim to benefits under federal maritime laws, but the court held this provision for "temporary, interim benefits" did not otherwise abrogate the exclusionary language of RCW 51.24.100. *Gorman*, 155 Wn.2d at 210-13.

¶13 *Gorman* makes clear that if a worker has a claim under federal maritime law, he may nonetheless be covered under RCW 51.12.102(1), but benefits under that section are temporary. Otherwise, the federal remedy is exclusive.

¶14 Ms. Olsen argues *Gorman* is not controlling here because the plaintiffs there sought to sue their employers rather than obtain workers' compensation benefits. But none of the *Gorman* holdings discussed above can be considered dicta, considering the court said it was required to decide whether the plaintiffs were covered by the IIA, and whether that act shielded their claims from the preempting effect of the federal act. *Id.* at 204-05. In order to determine whether the plaintiffs were covered by the IIA, the court had to decide whether RCW 51.12.102 resulted in coverage. The court's decision on each of these points is unambiguous and unanimous.

¶15 Based on the court's holding in *Gorman*, if a worker has a claim under federal maritime law, he may nonetheless be covered under RCW 51.12.102(1), but benefits under that section are temporary. The Board properly affirmed the Department's decision to award benefits until "the

federal insurer initiates payments or benefits are otherwise properly terminated under the title." BR at 34.

## C. Last Injurious Exposure Rule

¶16 The issue is whether the trial court erred in rejecting Ms. Olsen's claim she should receive permanent IIA benefits under the last injurious exposure rule allocating liability between successive employers in occupational-disease cases. Relying on *Fankhauser*, Ms. Olsen contends that since her husband's last employer was covered under the IIA rather than the LHWCA, the Department erred in limiting her award to temporary benefits.

¶17 The rule, codified in WAC 296-14-350(1), provides the insurer covering the risk during the most recent exposure bearing a causal relationship to the disability is liable for the entire amount of the workers' compensation award. *Fankhauser*, 121 Wn.2d at 316. The *Fankhauser* court held the rule does not bar a claimant from compensation even though the last injurious exposure occurred during noncovered self-employment. *Id.* at 316. The court reasoned because the rule assigns responsibility to the last insurer at risk, the claimant was not a self-insurer for purposes of the IIA. *Id.* at 310-16.

¶18 But *Fankhauser* did not involve a maritime employer, and thus did not discuss the exclusive remedy provision of the federal LHWCA. Notably, the last injurious exposure rule "does not address whether an injured worker is covered by" the state act and "cannot overcome the exclusionary language of section 100." *Gorman*, 155 Wn.2d at 217. Indeed, WAC 296-14-350(1) explicitly exempts from the last injurious exposure rule cases where the worker has a claim allowed for benefits under maritime laws.

¶19 Accordingly, neither the last injurious exposure rule nor *Fankhauser* overcomes the exclusive LHWCA remedy provision. The Department, Board, and Superior Court Judge F. James Gavin in a well-reasoned decision all correctly concluded likewise. Ms. Olsen was properly

awarded temporary benefits until federal benefits were approved. Our holding furthers the legislature's intent " 'to prevent double recovery' " in these situations. *Gorman*, 155 Wn.2d at 208 (quoting *Esparza*, 103 Wn. App. at 938).

### D. Attorney Fees

¶20 Ms. Olsen requests attorney fees on appeal under RAP 18.1 and RCW 51.52.130. Under RCW 51-.52.130(1), where a worker appeals a decision of the Board, he or she is entitled to fees and costs if the Board's decision is "reversed or modified." RAP 18.1 details procedural requirements for a party requesting attorney fees. Because the Board's decision has not been reversed or modified, Ms. Olsen's request is denied.

¶21 Affirmed.

KORSMO, A.C.J., and SIDDOWAY, J., concur.

Review denied at 172 Wn.2d 1012 (2011).