FILED
COURT OF APPEALS
DIVISION II

2013 MAY 29 AM 9: 29

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ROBERT LONG, deceased, and AILEEN LONG, Petitioner/Beneficiary, | No. 43187-4-II |
| Appellant, | |
| v. | |
| WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES, | ORDER GRANTING RECONSIDERATION AND AMENDING OPINION |
| Respondent. | |

On April 8, 2013, the parties filed a joint motion for reconsideration of the March 19,

2013 published opinion. After review of the motion and the files and records herein, we grant

the joint motion and amend the opinion as follows:

It is ordered that the last sentence of paragraph 1, section III, on page 10 that reads:

Because we reverse in part to grant Long the additional relief of temporary and interim benefits, we award Long reasonable attorney fees for her attorney's efforts at this court attributable to this particular grant of relief.

is deleted. The following sentence is inserted in its place:

Because we reverse in part to grant Long the additional relief of temporary and interim benefits, we award Long reasonable attorney fees of $25,249, the amount on which Long and the Department have agreed.

Dated this ___29TH___ day of ___MAY___, 2013.

_____
Penoyar, J.

We concur:

_____
Quinn-Brintnall, J.

_____
Johanson, A.C.J.

FILED
COURT OF APPEALS
DIVISION II

2013 MAR 19 AM 8: 39

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ROBERT LONG, deceased, and AILEEN LONG, Petitioner/Beneficiary,<br><br>Appellant,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES,<br><br>Respondent. | No. 43187-4-II<br><br><br>PUBLISHED OPINION |

PENOYAR, J. — Aileen Long's husband, Robert, died from malignant mesothelioma caused by asbestos exposure. Long appeals the superior court's order granting summary judgment to the Department of Labor and Industries (Department) and affirming the decision of the Board of Industrial Insurance Appeals's (Board) decision denying Long's application for workers' compensation benefits under the Washington Industrial Insurance Act (WIIA).[1] Long argues that she is entitled to WIIA benefits because her husband's last injurious exposure to asbestos occurred when he was employed by a non-maritime employer covered by the WIIA. Long argues, in the alternative, that the Department violated RCW 51.12.102 when it denied her temporary and interim benefits and when it failed to pursue a claim under the Longshore and Harbor Workers' Compensation Act (LHWCA)[2] on her behalf.

---

[1] See Title 51 RCW.

[2] 33 U.S.C. §§ 901-950.

Long was entitled to benefits under the LHWCA and, thus, was excluded from the general provisions of the WIIA; consequently, the WIIA's last-injurious-exposure rule, codified under WAC 296-14-350(1), does not apply because maritime law provided the proper avenue for Long's claim. Although we conclude that the Department was not statutorily required to pursue an LHWCA claim on Long's behalf, we hold that the Department erroneously denied Long temporary and interim benefits it was required to provide under RCW 51.12.102. Accordingly, we affirm the portion of the superior court's order affirming the Department's denial of Long's claim, but we reverse the portion of the superior court's order affirming the Department's denial of temporary benefits. We remand to the Department for further proceedings.

## FACTS

In 2008, Long's husband died from malignant mesothelioma caused by exposure to asbestos. He was exposed to asbestos while working for maritime employers covered by the LHWCA and while working for non-maritime employers covered by the WIIA. His work for the maritime employers predated his work for the state-fund employers. Both exposures were a proximate cause of his mesothelioma.

On February 11, 2009, Long sued numerous third-party companies for wrongful death and survivorship. On March 16, she filed a claim with the Department under the WIIA for surviving-spouse benefits. On February 25, 2010, the Department denied Long's claim because some of her husband's asbestos "[e]xposures occurred while in the course of maritime employment

subject to federal jurisdiction under the [LHWCA]." Administrative Record (AR) at 44. The Department also denied Long temporary benefits because Long had accepted "a third-party settlement without prior agreement of the liable maritime employer," which barred her entitlement to temporary benefits because she had "no claim for benefits under maritime laws that would allow the Department to pay provisional benefits." AR at 44.

Long appealed to the Board. Long moved for summary judgment, and the Department responded with what was effectively a cross-motion for summary judgment. An industrial appeals judge issued a proposed decision and order affirming the Department. Long petitioned the Board for review. The Board denied review; accordingly, the proposed decision and order became the Board's decision and order.

Long appealed to the Grays Harbor County Superior Court. Both parties moved for summary judgment. The court denied Long's motion and granted the Department's motion, affirming the Board's order. Long petitioned the Washington Supreme Court for direct review. The Supreme Court transferred the case to us.

ANALYSIS

I.   WORKERS' COMPENSATION BENEFITS

Long argues that the Department erred by denying her workers' compensation benefits when her husband's last injurious exposure to asbestos occurred while he was working for an employer covered by the WIIA. We disagree with Long because (1) her husband had worked previously for an LHWCA-covered employer and, thus, is not covered by the WIIA; and (2) the last-injurious-exposure rule, as codified in WAC 296-14-350(1), does not require the Department to pay benefits when the worker has a claim for benefits under maritime law.

3

On appeal of a summary judgment order, where no facts are in dispute and the only issue is a question of law, we review de novo. *Dep't of Labor & Indus. v. Fankhauser*, 121 Wn.2d 304, 308, 849 P.2d 1209 (1993). The WIIA is to be "liberally construed for the purpose of reducing to a minimum the suffering and economic loss arising from injuries and/or death occurring in the course of employment." RCW 51.12.010.

We review issues of statutory construction de novo. *See Wash. Cedar & Supply Co. v. Dep't of Labor & Indus.*, 119 Wn. App. 906, 912, 83 P.3d 1012 (2004). We review agency regulations as if they were statutes. *Cobra Roofing Serv., Inc. v. Dep't of Labor & Indus.*, 122 Wn. App. 402, 409, 97 P.3d 17 (2004), *aff'd on other grounds*, 157 Wn.2d 90 (2006).

The LHWCA is a federal workers' compensation program that "provides relief to workers employed in certain shore- and harbor-centered maritime occupations who suffer injury or death on the job." *Gorman v. Garlock, Inc.*, 155 Wn.2d 198, 205, 118 P.3d 311 (2005). The WIIA, a state workers' compensation program, "supplants common law suits by workers against their employers for injuries sustained on the job and generally provides the exclusive means by which an injured worker may obtain relief for such injuries from his or her employer." *Gorman*, 155 Wn.2d at 207.

The WIIA excludes Washington workers covered by certain federal workers' compensation statutes, including the LHWCA. RCW 51.12.100.[3] But maritime workers may receive payment of temporary and interim WIIA benefits under some circumstances. RCW 51.12.102(1).[4]

Our Supreme Court considered the interaction between the LHWCA and the WIIA in *Gorman*. The claimants, who were exposed to asbestos while working for maritime employers, sought to sue the employers under RCW 51.24.020 for intentional injury. *Gorman*, 155 Wn.2d at 202-04. They argued that RCW 51.12.102 abrogated the exclusionary language of RCW 51.12.100 and thus allowed maritime employees like them to bring this suit under the WIIA. *Gorman*, 155 Wn.2d at 210. The court noted that RCW 51.12.102 directs the Department to provide temporary, interim WIIA benefits to a maritime worker who develops an illness as a result of asbestos exposure "until it is conclusively determined whether the state or federal workers' compensation program is responsible for providing benefits to [the] worker." *Gorman*, 155 Wn.2d at 212. The court ultimately held, however, that maritime workers covered by the

---

[3] RCW 51.12.100(1) states: "Except as otherwise provided in this section, the provisions of this title shall not apply to a master or member of a crew of any vessel, or to employers and workers for whom a right or obligation exists under the maritime laws or federal employees' compensation act for personal injuries or death of such workers."

[4] RCW 51.12.102(1) states:

> The department shall furnish the benefits provided under this title to any worker or beneficiary who may have a right or claim for benefits under the maritime laws of the United States resulting from an asbestos-related disease if (a) there are objective clinical findings to substantiate that the worker has an asbestos-related claim for occupational disease and (b) the worker's employment history has a prima facie indicia of injurious exposure to asbestos fibers while employed in the state of Washington in employment covered under this title. The department shall render a decision as to the liable insurer and shall continue to pay benefits until the liable insurer initiates payments or benefits are otherwise properly terminated under this title.

5

LHWCA are not covered by the WIIA's general provisions, and thus they may not maintain a suit under RCW 51.24.020. *Gorman*, 155 Wn.2d at 213.

Our Supreme Court has adopted the last-injurious-exposure rule "as a mechanism to determine which insurer under the WIIA is responsible for funding the benefits provided to a WIIA-covered worker who has sustained an on-the-job injury." *Gorman*, 155 Wn.2d at 217 (citing *Fankhauser*, 121 Wn.2d at 311). WAC 296-14-350(1) codifies this rule:

> The liable insurer in occupational disease cases is the insurer on risk at the time of the last injurious exposure to the injurious substance or hazard of disease during employment within the coverage of Title 51 RCW which gave rise to the claim for compensation. Such Title 51 RCW insurer shall not be liable, however, if the worker has a claim arising from the occupational disease that is allowed for benefits under the maritime laws or Federal Employees' Compensation Act.

If a worker develops an illness from on-the-job exposure to asbestos occurring at least in part during LHWCA-covered employment, a federal version of the last-injurious-exposure rule makes the last LHWCA-covered employer responsible for all benefits provided to that worker under the LHWCA. *Gorman*, 155 Wn.2d at 218 (*Todd Shipyards Corp. v. Black*, 717 F.2d 1280, 1292 (9th Cir. 1983)).

Long argues that *Gorman* does not apply here and that the last-injurious-exposure rule requires the Department to pay her benefits. But a recent case from Division Three of this court, *Olsen v. Department of Labor & Industries*, makes clear that, except for the temporary benefits available under the WIIA, the LHWCA provides exclusive relief for a onetime maritime worker's asbestos exposure, and this exclusivity is not changed by the WIIA's last-injurious-exposure rule. *See* 161 Wn. App. 443, 450-51, 250 P.3d 158 (2011).

The *Olsen* court considered two arguments Long makes here: (1) *Gorman* is not controlling because the claimants in that case filed a tort claim against their employers, not a workers' compensation claim with the Department; and (2) the last-injurious-exposure rule, as codified in WAC 296-14-350, requires the Department to pay workers' compensation benefits when the employee's last exposure occurred while working for a WIIA-covered employer. 161 Wn. App. at 450-51. The court rejected both these arguments. First, the court concluded that *Gorman* is controlling because, in deciding whether the plaintiffs could bring their suits, the court had to determine whether the LHWCA-covered plaintiffs were also covered by the WIIA in light of the WIIA benefits made available to maritime workers under RCW 51.12.102. 161 Wn. App. at 450. Second, the court held that neither *Fankhauser*[5] nor the last-injurious-exposure rule[6] overcomes the exclusive LHWCA remedy provision. 161 Wn. App. at 451.

Finally, Long argues that *Gorman* is inconsistent with the legislature's purpose in enacting RCW 51.12.102 "to provide relief to workers during the months and even years it takes to settle jurisdictional disputes in cases where the worker has multi-jurisdictional exposure." Appellant's Br. at 15. She relies on a 1993 Department report, submitted to the legislature, describing the Department's procedure for determining benefit eligibility for asbestos-related diseases. She also cites a 1992 Board decision as support for her argument that the WIIA's last-

---

[5] In *Fankhauser*, the court held that the last-injurious-exposure rule does not bar a claimant from compensation even though the last injurious exposure occurred during non-covered self-employment. 121 Wn.2d at 315-16. *Fankhauser* did not involve a maritime employer.

[6] The *Olsen* court noted that "WAC 296-14-350(1) explicitly exempts from the last injurious exposure rule cases where the worker has a claim allowed for benefits under maritime laws." 161 Wn. App. at 451.

injurious-exposure rule applies even if the LHWCA is also in play. The Department persuasively responds, "Long offers neither any legal authority, nor any public policy basis, that supports the idea that the Department should disregard an opinion of the Supreme Court simply because the Department had previously expressed a different understanding of the law." Resp't's Br. at 25.

Because Long's husband worked for an LHWCA-covered employer, he is not covered by the WIIA. As a result, the WIIA's last-injurious-exposure rule, as codified in WAC 296-14-350, does not apply here because Long's husband could claim benefits under maritime law. Long remains excluded from the WIIA even though she is now barred from her entitlement to LHWCA benefits because she accepted third-party settlements without the prior agreement of the liable maritime employer.[7] *See Gorman*, 155 Wn.2d at 215 ("[A]ny individual employer or worker within the class of employers and workers subject to the LHWCA is excluded from the WIIA, regardless of whether they have relinquished their opportunity to exercise their rights under the [LHWCA] by failing to comply with the [LHWCA's] technical requirements."). Accordingly, we hold that the superior court did not err by granting the Department's motion for summary judgment affirming the Board's decision denying Long benefits.

II.    TEMPORARY AND INTERIM BENEFITS

Long argues that it was unreasonable for the Department to take one year to deny her claim and that during that time the Department was required to (1) provide her with temporary

---

[7] 33 U.S.C. § 933(g)(2) terminates benefits under the LHWCA to a person otherwise entitled to them if that person enters into third-party settlements without the liable maritime employer's written approval.

and interim benefits and (2) pursue an LHWCA claim on her behalf. We agree with Long that the Department erroneously declined to award her the temporary, interim workers' compensation benefits that it was required to provide under RCW 51.12.102(1), but we conclude that the Department was not required to pursue an LHWCA claim on her behalf under RCW 51.12.102(4).

RCW 51.12.102(1) directs the Department to provide temporary, interim WIIA benefits to a maritime worker who develops an illness as a result of asbestos exposure until the Department determines whether the state or federal workers' compensation program is responsible for providing benefits to the worker. *Gorman*, 155 Wn.2d at 212. Two conditions must be met, however, for the Department to provide these benefits. First, there must be "objective clinical findings to substantiate that the worker has an asbestos-related claim for occupational disease." Second, the worker's employment history must have "a prima facie indicia of injurious exposure to asbestos fibers while employed in the state of Washington in employment covered under this title." RCW 51.12.102(1).

Long filed a claim for benefits on March 16, 2009. The Department did not contest that Long's husband had an asbestos-related claim for occupational disease or that his employment history indicated injurious exposure to asbestos fibers while employed in the State under the WIIA. On February 25, 2010, the Department correctly determined that it was not the liable insurer and denied Long's claim. But the Department erroneously denied Long temporary, interim benefits during this time period.

9

We conclude, however, that the Department was not required to pursue an LHWCA claim on Long's behalf when she was not entitled to those federal benefits. Generally, under RCW 51.12.102(4)(a), the Department must pursue federal program insurers who owe benefits to workers (or their beneficiaries) if the Department pays benefits under RCW 51.12.102(1).[8] Long had been entitled to LHWCA benefits until she accepted third-party settlements without the prior agreement of the liable maritime employer. *See* 33 U.S.C. § 933(g)(2). Because accepting these settlements barred Long from receiving LHWCA benefits, the Department was not required to pursue on Long's behalf an LHWCA claim that no longer existed.

## III.  ATTORNEY FEES

Long requests attorney fees under RAP 18.1 and RCW 51.52.130 "should this [c]ourt reverse or modify the order of the court below." Appellant's Br. at 24. Because we reverse in part to grant Long the additional relief of temporary and interim benefits, we award Long reasonable attorney fees for her attorney's efforts at this court attributable to this particular grant of relief.

---

[8] RCW 51.12.102(4)(a) states:

> (4) If the department determines that the benefits paid under subsection (1) of this section are owed to the worker or beneficiary by a federal program other than the federal social security, old age survivors, and disability insurance act, 42 U.S.C. or an insurer under the maritime laws of the United States:
> (a) The department shall pursue the federal program insurer on behalf of the worker or beneficiary to recover from the federal program insurer the benefits due the worker or beneficiary and on its own behalf to recover the benefits previously paid to the worker or beneficiary and costs incurred.

43187-4-II

We affirm the portion of the superior court's order affirming denial of Long's claim, but we reverse the portion of the superior court's order affirming the Department's denial of temporary benefits. We remand to the Department for further proceedings.

Penoyar, J.

We concur:

Quinn-Brintnall, J.

Johanson, A.C.J.

11