# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| DIANE J. LEWIS, individually and as Personal Representative of the Estate of RICHARD W. LEWIS JR., | No. 56774-1-II |
| Appellant, | |
| v. | |
| WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES, | UNPUBLISHED OPINION |
| Respondent. | |

VELJACIC, J. — Diane J. Lewis's husband, Richard W. Lewis, Jr. died from malignant mesothelioma caused by asbestos exposure while working for maritime and nonmaritime employers. Lewis appeals the superior court's order affirming the Board of Industrial Insurance Appeals's (Board) decision denying Lewis's application for permanent surviving spouse benefits under the Washington Industrial Insurance Act (WIIA), title 51 RCW.

Lewis argues that the superior court erred in concluding that she did not qualify for permanent surviving spouse benefits under RCW 51.12.102. Lewis also argues that the superior court erred in concluding that the Department of Labor and Industries's interpretation of RCW 51.12.102 did not have an unconstitutional chilling effect on her right to a jury trial and did not violate her right to equal protection of the law. Lewis further argues that the Department's interpretation of RCW 51.12.102 contravenes the beneficial purpose of the WIIA and thus, she is entitled to permanent surviving spouse benefits.

We hold that Lewis did not qualify for permanent surviving spouse benefits under RCW 51.12.102. We also hold that RCW 51.12.102 did not have an unconstitutional chilling effect on her right to a jury trial and did not violate her right to equal protection of the law. We decline Lewis's invitation to second-guess the legislature's enacted public policy of limiting workers' compensation benefits to maritime workers and their beneficiaries under RCW 51.12.102. Accordingly, we affirm.

## FACTS[1]

### I.    FACTUAL BACKGROUND

Lewis's husband was an insulator and member of the International Association of Heat and Frost Insulators. During his union apprenticeship in the late 1970s, he spent a year working for maritime employers at Todd and Lockheed Shipyards, where he had injurious exposures to asbestos-containing insulation. His maritime employers were obligated to provide their workers with coverage under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901–950.

For the remaining 30 years of his career as an insulator, from approximately 1980 to 2010, Lewis's husband worked at land-based industrial facilities throughout Western Washington. He had additional injurious exposures to asbestos-containing products while working for employers who were obliged to provide their workers with coverage under the WIIA.

As a result of his occupational exposures to asbestos-containing insulation, Lewis's husband developed mesothelioma—an incurable and fatal form of asbestos-related lung cancer. He was formally diagnosed with mesothelioma in May 2018.

---

[1] The facts presented in this section are derived from the stipulated findings of fact in the superior court's order affirming the June 16, 2021 Board order, which are verities on appeal. *Hopkins v. Dept' of Labor & Indus.*, 11 Wn. App. 2d 349, 353, 453 P.3d 755 (2019).

On July 12, 2018, Lewis and her husband filed a complaint in Pierce County Superior Court against certain asbestos manufacturers and other third parties. In the complaint, they claimed damages for personal injuries and loss of marital consortium caused by his occupational exposures to asbestos.

On June 26, 2019, after reaching settlements with some of the third-party defendants, the Lewises dismissed their lawsuit. The third-party settlements were finalized without the prior written approval of the responsible maritime employers. Prior written approval of the responsible maritime employer is required under LHWCA, as explained below.

On August 15, Lewis's husband died. The cause of his death was mesothelioma.

II.    PROCEDURAL HISTORY

On April 1, 2020, Lewis filed an application for surviving spouse benefits with the Department. Her application included documentation of objective clinical findings which substantiated that her husband had an asbestos-related occupational disease as well as documentation establishing a prima facie case showing that her husband had injurious exposures to asbestos fibers while working at jobs covered under the WIIA.

Neither Lewis nor her husband filed a claim for LHWCA benefits related to his asbestos-related disease.

On April 14, the Department issued an order denying Lewis's application for surviving spouse benefits because she did not qualify for coverage under RCW 51.12.102. The Department's order provided that,

> Richard Lewis died on 08/15/2019 and Diane Lewis, the surviving spouse, has filed an application for benefits.
> It is determined that the death of Richard Lewis was due to mesothelioma, an asbestos related disease, resulting from past exposures to asbestos fibers in the course of employment.

3

> It has been determined that Mr. Lewis was exposed to asbestos in the shipyards, and therefore is considered a maritime worker, under maritime coverage.
>
> As a claim has not been filed with the [LHWCA], and you have already recovered a third party settlement, you do not qualify for coverage under RCW 51.12.102 and are barred by RCW 51.12 100.
>
> The application for death benefits filed by Diane Lewis is denied.

Clerk's Papers (CP) at 144.

On April 30, Lewis appealed the Department's order denying her application for surviving spouse benefits to the Board. At the administrative hearing, Lewis asked the Board to award a surviving spouse's pension without regard to her husband's status as a maritime worker. Significantly, the industrial appeals judge (IAJ) noted that "the only potential claim for relief to which [] Lewis might be entitled is an award of temporary benefits for the period from April 1, 2020, the date that she filed her claim, through April 14, 2020, the date that the Department denied her claim." CP at 54. However, the IAJ noted that Lewis specifically waived her claim to any potential temporary benefits.

On April 8, 2021, the IAJ issued a proposed decision and order affirming the Department's order.

On April 30, Lewis filed a petition for review of the proposed decision and order to the Board. On June 16, the Board denied Lewis's petition for review and the proposed decision and order became the Board's decision and order.

On July 20, Lewis appealed the Board's order to Pierce County Superior Court. On February 24, 2022, the superior court entered an order affirming the Board's order. The court also entered findings of fact, which are discussed above, and the following conclusions of law:

> 2.2.1 At all material times, Mr. Lewis was a maritime worker eligible for Longshore and Harbor Workers' Compensation Act benefits for the condition diagnosed as mesothelioma.

2.2.2 At all material times, Mrs. Lewis was the beneficiary of a maritime worker and was eligible for [LHWCA] benefits due to her husband's death from the condition diagnosed as mesothelioma.

2.2.3 By June 26, 2019, Mr. and Mrs. Lewis had forfeited their right to receive [LHWCA] benefits due to the condition diagnosed as mesothelioma, per 33 U.S.C. § 933(g)(l), because they had settled their third party claims for damages caused by the condition diagnosed as mesothelioma without the prior written approval of Mr. Lewis's responsible maritime employer(s).

2.2.4 On April 14, 2020; Mrs. Lewis did not qualify for [surviving spouse] benefits as provided under RCW 51.12.102.

2.2.5 The Department order dated April 14, 2020 is correct and is affirmed.

2.3 The Board's June 16, 2021 Decision and Order, which affirmed the Department's April 14, 2020 decision, is correct and is affirmed.

2.4 RCW 51.12.100 and RCW 51.12.102, as interpreted by the Board and the Department, did not have an unconstitutional chilling effect on the right of Mr. Lewis or Mrs. Lewis to a jury trial.

2.5 RCW 51.12.100 and RCW 51.12.102, as interpreted by the Board and the Department, did not violate the right of Mr. Lewis or Mrs. Lewis to equal protection of the law.

CP 462-63.  Lewis appeals.

## ANALYSIS

Lewis argues that the superior court erred in affirming the Board's order because the Department's denial of her application for permanent surviving spouse benefits contravenes two of her constitutional rights, the plain language of RCW 51.12.102, and the beneficial purpose of the WIIA.  We disagree.

I.    STANDARD OF REVIEW

"When '[r]eviewing a decision under the [WIIA], the superior court considers the issues de novo, relying on the certified board record.'"  *Spohn v. Dep't of Labor & Indus.*, 20 Wn. App. 2d 373, 378, 499 P.3d 989 (2021) (internal quotation marks omitted) (quoting *White v. Qwest*

*Corp.*, 15 Wn. App. 2d 365, 371, 478 P.3d 96 (2020)); RCW 51.52.115. "On appeal, we review the superior court's order, not the Board's order." *Spohn*, 20 Wn. App. 2d at 378. "The superior court's order 'is subject to the ordinary rules governing civil appeals.'" *Id*. at 378 (quoting *White*, 15 Wn. App. 2d at 371); RCW 51.52.140.

This case involves statutory interpretation, which is also a question of law that we review de novo. *Bradley v. City of Olympia*, 19 Wn. App. 2d 968, 977, 498 P.3d 562 (2021). The primary goal in interpreting a statute is to determine and give effect to the legislature's intent. *Id*. We discern legislative intent through the language of the statutory provision, the context of the statute, and related statutes. *Id*.

RCW 51.12.010 states that the WIIA "shall be liberally construed for the purpose of reducing to a minimum the suffering and economic loss arising from injuries and/or death occurring in the course of employment." "'The [WIIA] is remedial in nature, and thus we must construe it liberally . . . in order to achieve its purpose of providing compensation to all covered employees injured in their employment, with doubts resolved in favor of the worker.'" *Bradley*, 19 Wn. App. 2d at 978 (internal quotation marks omitted) (quoting *Spivey v. City of Bellevue*, 187 Wn.2d 716, 726, 389 P.3d 504 (2017)).

II.     LEWIS DOES NOT QUALIFY FOR PERMANENT SURVIVING SPOUSE BENEFITS

Lewis argues that the superior court erred in concluding that she did not qualify for permanent surviving spouse benefits because such an interpretation contravenes the plain language of RCW 51.12.102 and the beneficial purpose of the WIIA. We disagree.

A.     The LHWCA and WIIA

The LHWCA is a federal workers' compensation program. *Gorman v. Garlock, Inc*., 155 Wn.2d 198, 205, 118 P.3d 311 (2005). It provides relief to workers employed in certain shore-

and harbor-centered maritime occupations who suffer injury or death on the job and shields maritime employers from tort claims by injured workers. *Id*. at 205; *see* 33 U.S.C. §§ 902, 903, 905(a). The LHWCA is applicable only if both workers and employers meet certain qualifications. *Gorman*, 155 Wn.2d at 205; *see* 33 U.S.C. §§ 902(3), 902(4), 903(a).

The LHWCA requires an injured worker entitled to compensation under that act to obtain the written approval of his or her otherwise-responsible employer before settling with a third party. *Gorman*, 155 Wn.2d at 213; 33 U.S.C. § 933(g)(1). "If the worker accepts settlement without having obtained approval from his or her employer, 'all rights to compensation and medical benefits under [the LHWCA] shall be terminated.'" *Gorman*, 155 Wn.2d at 213-14 (quoting 33 U.S.C. § 933(g)(2)). Here, Lewis does not dispute that her husband was a maritime worker covered by the LHWCA until they accepted a third-party settlement agreement without the responsible maritime employer's prior written approval.

The WIIA, the state workers' compensation program, "supplants common law suits by workers against their employers for injuries sustained on the job and generally provides the exclusive means by which an injured worker may obtain relief for such injuries from his or her employer." *Gorman*, 155 Wn.2d at 207. Under RCW 51.12.100, the WIIA exempts from its coverage Washington workers covered by certain federal workers' compensation statutes, including the LHWCA. *Id*. at 208.

However, in 1988, the legislature enacted RCW 51.12.102, which provides for the payment of temporary WIIA benefits under certain circumstances to maritime workers "'who may have a right or claim for benefits under the [LHWCA].'" *Gorman*, 155 Wn.2d at 209 (quoting RCW 51.12.102(1)). In its current form, the statute provides that,

> The department shall furnish the benefits provided under this title to any worker or
> beneficiary who may have a right or claim for benefits under the maritime laws of

the United States resulting from an asbestos-related disease if (a) there are objective clinical findings to substantiate that the worker has an asbestos-related claim for occupational disease and (b) the worker's employment history has a prima facie indicia of injurious exposure to asbestos fibers while employed in the state of Washington in employment covered under this title. The department shall render a decision as to the liable insurer and shall continue to pay benefits until the liable insurer initiates payments or benefits are otherwise properly terminated under this title.

RCW 51.12.102(1).

B. The Supreme Court's Decision in *Gorman*

Our Supreme Court considered the interplay between the LHWCA and the WIIA in *Gorman*. 155 Wn.2d 198. In that case, the appellants, who were exposed to asbestos while working for maritime employers, sought to sue their maritime employers pursuant to RCW 51.24.020, which provides an exception to the WIIA's exclusive remedy provision for injuries resulting from the employer's deliberate intention. *Id*. at 202-04. The appellants argued that RCW 51.12.102 abrogated the exclusionary language of RCW 51.12.100 and thus allowed maritime employees like them to bring a suit under RCW 51.24.020. *Id*. at 210.

The court disagreed and held that maritime workers covered by the LHWCA are not covered by the WIIA's general provisions, and thus, may not maintain a suit under RCW 51.24.020. *Id*. at 213. However, the court acknowledged that under RCW 51.12.102, workers can receive some state benefits even if they may have a right or claim to benefits under federal maritime laws, but the court held this provision for temporary, interim benefits did not otherwise abrogate the exclusionary language of RCW 51.12.100. *Id*. at 210-13.

Accordingly, *Gorman* makes clear that if a worker has a claim under federal maritime law, such as the LHWCA, they may nonetheless be covered under RCW 51.12.102(1), but benefits under that section are temporary until it is conclusively determined whether the state or federal

8

workers' compensation program is responsible for providing benefits to such a worker. *Id*. at 210-13. Otherwise, the federal remedy is exclusive.

Additionally, it is important to note the significance of the procedural posture in *Gorman*: in both cases in that consolidated appeal, the superior court dismissed each worker's complaint under CR 12(b)(6). *Id*. at 202-04. Thus, the court also had to consider hypothetical facts proffered by the appellants. *Id*. at 214-15.

First, the appellants posited, hypothetically, that "each may have entered into a settlement agreement with a third party without having first obtained the approval of [their maritime employers]." *Id*. at 214. As discussed above, such a third-party settlement terminates "'all rights to compensation and medical benefits under [the LHWCA].'" *Id.* at 213-14 (quoting 33 U.S.C. § 933(g)(2)). Because their rights under the LHWCA may have been terminated, the appellants contended that they may not be "'workers for whom a right . . . exists under the [LHWCA],'" and the superior court erred by dismissing their claims. *Id*. at 214 (quoting RCW 51.12.100(1)).

The Supreme Court disagreed. *Id*. at 215-16. The court held that, even if the appellants entered into third-party settlements without prior approval from their employer, the exclusionary language of RCW 51.12.100 still applied because, at the time they were exposed to the asbestos that allegedly caused their injury, both appellants were covered by the LHWCA. *Id*. at 215.

Second, the appellants also posited, hypothetically, they may have been exposed to asbestos while employed by a land-based, WIIA-covered employer after their employment with their LHWCA-covered employer. *Id*. at 216-17. Thus, the appellants argued that they may be covered by the WIIA under the "last injurious exposure rule," notwithstanding the exclusionary language of RCW 51.12.100. *Id*. at 216. The Supreme Court disagreed and held that

> where a Washington worker is exposed to asbestos while employed as a maritime
> worker in a maritime setting by a LHWCA-covered employer and, later, is exposed

9

to asbestos while working for a land-based, WIIA-covered employer, the LHWCA-covered employer is liable under the LHWCA for all compensation provided to the worker under that act. Such a worker is within the class of "workers for whom a right . . . exists under the maritime laws," RCW 51.12.100(1) and is, therefore, barred from the WIIA, *except to the limited extent provided by section 102*. He or she is, therefore, excluded from the general provisions of the WIIA.

*Id*. at 218 (alteration in original) (emphasis added).

Following *Gorman*, two decisions from the court of appeals applied the Supreme Court's holdings. Each will be discussed in turn.

C.      *Olsen v. Department of Labor and Industries*[2]

In *Olsen*, Olsen's husband was repeatedly exposed to asbestos fibers while working for the Navy, other maritime employers, and nonmaritime employers. 161 Wn. App. 443, 447, 250 P.3d 158 (2011). His last injurious exposure occurred while working for a WIIA-covered employer. *Id*. After her husband passed away from asbestos-related diseases, Olsen filed a claim under the LHWCA and WIIA for surviving spouse benefits. *Id*. The Department issued an order granting Olsen temporary reimbursable death benefits only. *Id*.

On appeal, Olsen argued that the Department erred in limiting her surviving spouse benefits. *Id*. at 448-51. Division Three disagreed and held that "[b]ased on the [Supreme] [C]ourt's holding in *Gorman*, if a worker has a claim under federal maritime law, he may nonetheless be covered under RCW 51.12.102(1), but benefits under that section are temporary." *Id*. at 450. In so holding, the court rejected Olsen's contention that "*Gorman* is not controlling [] because the plaintiffs there sought to sue their employers rather than obtain worker's compensation benefits." *Id*. The court explained that

none of the *Gorman* holdings discussed above can be considered dicta, considering the court said it was required to decide whether the plaintiffs were covered by the [WIIA], and whether that act shielded their claims from the preempting effect of

---

[2] 161 Wn. App. 443, 250 P.3d 158 (2011).

10

the federal act. . . . In order to determine whether the plaintiffs were covered by the [WIIA], the court had to decide whether RCW 51.12.102 resulted in coverage.

*Id*. (internal citation omitted).

The court also held that, even though Olsen's husband suffered his last injurious exposure to asbestos while working for a WIIA-covered employer, the "last injurious exposure rule" could not overcome the exclusionary language in RCW 51.12.100. *Id*. at 451. Accordingly, the Department properly awarded Olsen temporary benefits until federal benefits were approved. *Id*. at 451-52.

D. *Long v. Department of Labor and Industries*[3]

In *Long*, Long's husband died from malignant mesothelioma caused by exposure to asbestos. 174 Wn. App. 197, 201, 299 P.3d 657 (2013). He was exposed to asbestos while working for maritime employers covered by the LHWCA and while working for non-maritime employers covered by the WIIA. *Id*. Both exposures were a proximate cause of his mesothelioma. *Id*. Shortly after her husband's death, Long sued numerous third-party companies for wrongful death and survivorship. *Id*. She also filed a claim with the Department under the WIIA for surviving spouse benefits. *Id*.

The Department denied Long's claim because some of her husband's asbestos exposures occurred during his employment with an LHWCA-covered employer. *Id*. The Department also denied Long temporary benefits under RCW 51.12.102(1) because she accepted a third-party settlement without prior agreement of the liable maritime employer, which barred her entitlement to temporary benefits because she had no claim for benefits under maritime laws that would allow the Department to pay provisional benefits. *Id*.

---

[3] 174 Wn. App. 197, 299 P.3d 657 (2013).

On appeal, we held that,

> Because Long's husband worked for an LHWCA-covered employer, he is not covered by the WIIA. As a result, the WIIA's last-injurious-exposure rule, as codified in WAC 296–14–350, does not apply here because Long's husband could claim benefits under maritime law. *Long remains excluded from the WIIA even though she is now barred from her entitlement to LHWCA benefits because she accepted third-party settlements without the prior agreement of the liable maritime employer*. . . . Accordingly, we hold that the superior court did not err by granting the Department's motion for summary judgment affirming the Board's decision denying Long benefits.

*Id*. at 206-07 (emphasis added) (footnote omitted) (internal citation omitted). However, we also held that "the Department erroneously declined to award [Long] temporary, interim workers' compensation benefits that it was required to provide under RCW 51.12.102(1), but [] conclude[d] that the Department was not required to pursue an LHWCA claim on her behalf under RCW 51.12.102(4)." *Id*. at 207. In so holding, we noted that Long was entitled to temporary benefits from the date she filed her application for benefits until the date the Department "correctly determined that it was not the liable insurer and denied Long's claim." *Id*.

With an understanding of the applicable statutory framework and case law in mind, we now turn to Lewis's arguments in this appeal.

E.     Lewis Does Not Qualify for Permanent Surviving Spouse Benefits under RCW 51.12.102

Lewis argues that the Department's interpretation of RCW 51.12.102—that only temporary, interim benefits are available to LHWCA-covered workers and their beneficiaries—contravenes the plain language of that statute and the beneficial purpose of the WIIA. We disagree.

Here, contrary to Lewis's assertion, the Department did not interpret RCW 51.12.102 to provide maritime workers who may have a claim or right under the LHWCA with only temporary, interim benefits. Rather, as explained above, that is the Supreme Court's interpretation of RCW 51.12.102 in *Gorman*. Because we are bound to follow Supreme Court precedent, we reject

12

Lewis's contention that she is entitled to permanent surviving spouse benefits under the WIIA. *Peterson v. Dep't of Labor & Indus.*, 17 Wn. App. 2d 208, 237, 485 P.3d 338 (2021). Accordingly, this argument fails.

Lewis argues that *Gorman*'s discussion of RCW 51.12.102 is dicta and does not control because the court did not have before it the issue of a claim for state workers compensation benefits. We disagree because, as discussed above, the court in *Olsen* rejected a similar argument and we see no reason to depart from that holding. This argument fails.

Next, Lewis appears to argue that she qualifies for permanent surviving spouse benefits under RCW 51.12.102 because the Department was required to pay such benefits until the liable insurer had initiated payments. Because no liable insurer had initiated payment of benefits to her, Lewis contends that the Department had no justification for denying her surviving spouse benefits under RCW 51.12.102. We disagree.

Here, *Gorman* controls the outcome of this issue and we adopt the reasoning set out by *Long* and *Olson* because those cases are persuasive. *Gorman* and *Olsen* made clear that benefits under RCW 51.12.102 are temporary only. And *Long* made clear that such benefits last from the date the application for benefits is filed until the date the Department correctly determines that it is not the liable insurer and denies the claim. However, as explained above, Lewis waived any claim for temporary benefits. Because Lewis was only entitled to temporary benefits until the date the Department denied her claim, which she specifically waived, the superior court did not err in concluding that Lewis did not qualify for permanent surviving spouse benefits under RCW 51.12.102.

Lewis contends that *Gorman*, *Long*, and *Olsen* do not control our decision because they did not raise the constitutional challenges she raises here. While *Long* and *Olson* are not binding

13

on us, we adopt their reasoning, as explained above. Thus, we disagree. Additionally, as explained below, her constitutional challenges are without merit.

Even if *Gorman*, *Long*, and *Olsen* did not apply here, the result would be the same. The plain language of the RCW 51.12.102 supports the interpretation that Lewis was entitled only to temporary benefits until the Department correctly determined it was not the liable insurer and denied her claim based on the third-party settlement agreement.

Lewis relies heavily on the following emphasized language in last sentence of RCW 51.12.102(1): "The department shall render a decision as to the liable insurer and *shall continue to pay benefits until the liable insurer initiates payments*." (Emphasis added.) However, Lewis ignores the remaining portion of the last sentence, which states "or benefits are otherwise properly terminated under this title." RCW 51.12.102(1). Lewis also ignores the provision that states "The department shall furnish the benefits provided under this title to any worker or beneficiary *who may have a right or claim for benefits* under the maritime laws of the United States resulting from an asbestos-related disease." RCW 51.12.102(1) (emphasis added). As discussed above, "If the worker accepts settlement without having obtained approval from his or her employer, 'all rights to compensation and medical benefits under [the LHWCA] shall be terminated,'" which occurred here. *Gorman*, 155 Wn.2d at 213-14 (quoting 33 U.S.C. § 933(g)(2)).

Reading the above provisions together, the plain language of RCW 51.12.102(1) permits the Department to terminate temporary benefits when it determines that (1) it is not the liable insurer and (2) a LHWCA-covered worker or beneficiary no longer as right or claim under the LHWCA due to a third-party settlement agreement. Because Lewis fails to give effect to the entirety of RCW 51.12.102, her argument fails.

Here, the Department correctly determined that it was not the liable insurer and correctly denied her claim because of the third-party settlement agreement, which extinguished any right or claim she might have under the LHWCA. While Lewis was entitled to temporary benefits from April 1 to April 14, 2020—the date the Department denied her application and learned she no longer had a viable LHWCA claim—she explicitly waived her claim to those funds.

We hold that the superior court did not err in concluding that Lewis did not qualify for permanent surviving spouse benefits under RCW 51.12.102.

III.     UNCONSTITUTIONAL CHILLING EFFECT ON THE RIGHT TO A JURY TRIAL

Lewis argues that the Department's interpretation of RCW 52.12.102 unconstitutionally chills her right to a jury trial because it needlessly discourages potentially LHWCA-covered workers—or their surviving spouses—from exercising their right to sue non-employer entities that caused their occupational asbestos-related disease. We disagree.

A.     Legal Principles

To protect the integrity of constitutional rights, Washington courts have explained the State can take no action that will unnecessarily chill or penalize the assertion of a constitutional right. *State v. Martin*, 151 Wn. App. 98, 104, 210 P.3d 345 (2009). "A statute is presumed constitutional. The burden is on the party challenging the statute to prove beyond a reasonable doubt that the statute is unconstitutional." *Afoa v. Dep't of Labor & Indus.*, 3 Wn. App. 2d 794, 804, 418 P.3d 190 (2018).

RCW 51.12.102(1) provides that,

The department shall furnish the benefits provided under this title to any worker or beneficiary who may have a right or claim for benefits under the maritime laws of the United States resulting from an asbestos-related disease if (a) there are objective clinical findings to substantiate that the worker has an asbestos-related claim for occupational disease and (b) the worker's employment history has a prima facie indicia of injurious exposure to asbestos fibers while employed in the state of

15

> Washington in employment covered under this title. The department shall render a decision as to the liable insurer and shall continue to pay benefits until the liable insurer initiates payments or benefits are otherwise properly terminated under this title.

As discussed above, *Gorman* makes clear that if a worker has a claim under federal maritime law, such as the LHWCA, they may nonetheless be covered under RCW 51.12.102(1), but benefits under that section are temporary until it is conclusively determined whether the state or federal workers' compensation program is responsible for providing benefits to such a worker. 155 Wn.2d at 210-13.

> Article 1, section 21 of the Washington Constitution provides,

> The right of trial by jury shall remain inviolate, but the legislature may provide for a jury of any number less than twelve in courts not of record, and for a verdict by nine or more jurors in civil cases in any court of record, and for waiving of the jury in civil cases where the consent of the parties interested is given thereto.

> In *Sofie v. Fibreboard Corp*, the Supreme Court opined that "[a]s long as [a] cause of action continues to exist and the litigants have access to a jury, that right of access remains as long as the cause of action does. Otherwise, article 1, section 21 means nothing." 112 Wn.2d 636, 652, 771 P.2d 711 (1989).

> B. RCW 51.12.102 Does Not Unconstitutionally Chill the Exercise of the Jury Trial Right

Here, as an initial matter, the Department did not interpret RCW 51.12.102(1) to only provide temporary, interim benefits to potentially LHWCA-covered workers. Rather, the Supreme Court in *Gorman* did, as explained above.

Contrary to Lewis's contention, nothing about RCW 51.12.102 unnecessary chills a potentially LHWCA-covered worker's right under article 1, section 21 of the Washington Constitution. As the Supreme Court in *Gorman* recognized, absent RCW 51.12.102, a worker "who could be covered by either the WIIA or the LHWCA might for a time be trapped in

16

jurisdictional limbo, with neither compensation program providing relief until it is conclusively established which program is responsible for providing benefits." 155 Wn.2d at 212. So rather than unnecessarily discourage a potentially LHWCA-covered worker from exercising their right to institute a third-party lawsuit against non-employer entities causing their asbestos-related disease, RCW 51.12.102(1) assists such workers or their beneficiaries stuck in this jurisdictional limbo by providing temporary, interim benefits until federal benefits or a third-party settlement is received.

Because nothing about RCW 51.12.102(1) unnecessarily chills a potentially LHWCA-covered worker or beneficiary's right to pursue third-party lawsuits against non-employer entities, we conclude that Lewis's argument is without merit.

Lewis appears to argue that RCW 51.12.102 needlessly burdens the jury trial right because it forced her and her husband to elect between exercising his constitutional right to trial by jury during his lifetime or prosecute a LHWCA claim to an uncertain conclusion that would not be resolved until long after his death. We disagree.

Here, nothing in RCW 51.12.102 sets up the alleged "Hobson's Choice" that Lewis complains about. Br. of Appellant at 32. As explained above, Lewis does not qualify for permanent surviving spouse benefits because RCW 51.12.102 only provides temporary, interim benefits to maritime workers until the Department renders a decision as to the liable insurer and properly terminates such benefits. However, a worker who suffered asbestos-related disease arising from maritime employment can receive compensation for their injuries from the federal workers' compensation program or a third-party lawsuit, as in this case. Lewis complains that either option would take too long and neither guarantees permanent benefits. But, if anything, this alleged "Hobson's choice" that Lewis complains about is presented by the LHWCA, not RCW

51.12.102. After all, it is the LHWCA that requires approval of the responsible employer before settlement of a lawsuit brought outside of the LHWCA and, assuming such approval, it is the LHWCA that provides a maritime worker's exclusive remedy for workplace injuries. Accordingly, this argument fails.

Lewis also argues that the Department's position is detrimental to constitutional principles because there was no guarantee that she would receive any permanent benefits by forgoing her right to a jury trial. In essence, Lewis asks us to second-guess the legislature's enacted public policy in RCW 51.12.102. We decline to do so because "[p]ublic policy arguments 'are more properly addressed to the Legislature, not to the courts.'" *McCaulley v. Dep't of Labor & Indus.*, 5 Wn. App. 2d 304, 316, 424 P.3d 221 (2018) (quoting *Blomster v. Nordstrom, Inc.*, 103 Wn. App. 252, 258, 11 P.3d 883 (2000)).

Accordingly, we hold that the superior court did not err in concluding that RCW 51.12.102 did not have an unconstitutional chilling effect on Lewis's right to a jury trial.

IV.     EQUAL PROTECTION

Lewis argues that the Department's application RCW 51.12.102—that only temporary benefits are available to LHWCA covered workers—violates her right to equal protection of the law because it denies an entire class of workers and their beneficiaries benefits under the WIIA. We disagree.

Under the Fourteenth Amendment, "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. Article I, section 12 of the Washington Constitution states: "[n]o law shall be passed granting to any citizen [or] class of citizens . . . privileges or immunities which upon the same terms shall not equally belong to all citizens."

The first step to an equal protection analysis requires the party challenging the legislation to identify that they are a member of a cognizable class, and that they received disparate treatment because of their membership in that class. *State v. Osman*, 157 Wn.2d 474, 484, 139 P.3d 334 (2006); *see also White*, 15 Wn. App. 2d at 373 (stating that the state and federal equal protection clauses "require that 'persons similarly situated with respect to the legitimate purpose of the law' receive like treatment.") (quoting *State v. Coria*, 120 Wn.2d 156, 169, 839 P.2d 890 (1992)). But, "[w]here persons of different classes are treated differently, there is no equal protection violation." *Garcia v. Dep't of Soc. & Health Servs.*, 10 Wn. App. 2d 885, 920, 451 P.3d 1107 (2019).

The second step is determining which standard of review applies. *Osman*, 157 Wn.2d at 484. The standard of review depends on the type of classification or right implicated. *Id*. If the state action does not threaten a fundamental or important right, or if the individual is not a member of a suspect or quasi-suspect class, courts apply a rational basis test. *Id*.

Here, Lewis's equal protection challenge rests on the differential treatment of LHWCA-covered workers and purely land-based workers, who are covered by the WIIA. But LHWCA-covered workers and purely land-based workers are not similarly situated persons because LHWCA-covered workers have access to the federal workers' compensation scheme while purely land-based workers do not. *See Gorman*, 155 Wn.2d at 215 ("The plain language of [RCW 51.12.100] reflects the legislature's intent to exclude from the coverage of the WIIA the entire class of workers covered by the LHWCA."). Because Lewis cannot establish marine and land-based workers are similarly situated, her claim fails.

Accordingly, we hold that the superior court did not err in concluding that RCW 51.12.102 did not violate Lewis's right to equal protection of the law.

19

V.    PUBLIC POLICY OF THE WIIA

Lewis argues that she is entitled to permanent surviving spouse benefits because the Department's application of RCW 51.12.100 and RCW 51.12.102 contravenes the purpose of the WIIA to provide sure and certain recovery of workers' compensation benefits. We decline to address her argument.

Here, Lewis again asks us to second-guess the legislature's enacted public policy of excluding LHWCA covered workers from the WIIA, except for those temporary benefits available under RCW 51.12.102. We decline to do so because, as explained above, "[p]ublic policy arguments 'are more properly addressed to the Legislature, not to the courts.'" *McCaulley*, 5 Wn. App. 2d at 316 (quoting *Blomster*, 103 Wn. App. at 258).

CONCLUSION

We affirm the superior court's order denying Lewis's request for permanent surviving spouse benefits under the WIIA.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Glasgow, CJ

_____
Price, J.

20